UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GOLTENS-NEW YORK CORP., and
GOLTENS WORLDWIDE MANAGEMENT
CORP.                                              :

                                                   :

                    Plaintiff,            **07 Civ. 9711 (GBD) (HBP)**

                                                   :

    - against -                           **ECF Case**

                                                   :

NORMAN GOLTEN.,

                                                   :

                    Defendant.
------------------------------------------------------------------x


-------------------------------------------------------------------------------------------------
**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION TO DISMISS THE COMPLAINT**
-------------------------------------------------------------------------------------------------


**STORCH AMINI & MUNVES PC**
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY  10017
Tel: (212) 490-4100
Fax: (212) 490-4208
*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii, iii

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF THE FACTS .................................................................................................3

ARGUMENT.................................................................................................................................5

    POINT I. ..........................................................................................................................5

        THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COMPLAINT ........................................................................................................5

            A.    There is No Legally Cognizable Basis for the Goltens Companies to Disgorge the $1,000,000 in Salary and Benefits Paid to Golten ..................................................................................................6

            B.    Plaintiff's Allegations of Damages Due to Lost Business and Lost Management Time Are Insufficient To Plead Damages in Excess of the Jurisdictional Amount ......................................................8

    POINT II. ........................................................................................................................10

        THE COMPLAINT FAILS TO STATE THE REQUISITE ELEMENTS OF A BREACH OF CONTRACT CLAIM....................................................................10

CONCLUSION..........................................................................................................................12

# TABLE OF AUTHORITIES

**Cases:**                                                                                                          **Page:**

Alper v. Seavey,
    9 A.D.3d 263 (1st Dep't. 2004) ...................................................................................7

Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago,
    93 F.3d 1064 (2d Cir.1996)..........................................................................................5

Deutsch v. Hewes Street Realty Corp.,
    359 F.2d 96 (2d Cir.1966))...........................................................................................6

In re JetBlue Airways Corp. Privacy Litigation,
    379 F. Supp.2d 299, 326 (E.D.N.Y. 2003) ..................................................................9

L.W.C. Agency, Inc. v. St. Paul Fire & Marine Co.,
    125 A.D. 2d 371.........................................................................................................10

Marco v. Sachs,
    270 A.D. 948, 948 (2d Dep't 1946) ...........................................................................11

Moore v. Betit,
    511 F.2d 1004 (2d Cir.1975)........................................................................................5

Nwachukwu v. Chemical Bank,
    1997 WL 441941 (S.D.N.Y. Aug. 6, 1997).........................................................7, 8, 9

O'Brocta on Behalf of Frank J. O'Brocta Salvage, Inc. v. O'Brocta
    1989 WL 19606 (W.D.N.Y. 1989) ............................................................................11

OneBeacon Ins. Co. v. Forman Int'l, Ltd.,
    No. 04-2271, 2005 WL 100849 (S.D.N.Y. Jan. 19, 2005) ........................................10

Reilly v. Natwest Markets Group Inc.,
    181 F.3d 253 (2d. Cir. 1999).......................................................................................7

RR Chester, LLC v. Arlington Bldg. Corp.,
    22 A.D.3d 652 (2d Dep't. 2005) ..................................................................................7

Rudman v. Cowles Comm., Inc.,
    30 N.Y.2d 1, 13 (1972) ...............................................................................................7

Septembertide Pub., B.V. v. Stein and Day, Inc.,
    884 F.2d 675 (2d. Cir. 1989).......................................................................................7

<u>Schonfeld v. Hilliard</u>,
   218 F.3d 164, 175 (2d Cir. 2000)..................................................................................8

<u>Spang Indus., Inc. v. Aetna Casualty and Surety Co.</u>,
   512 F.2d 365 (2d Cir.1975)..........................................................................................8

<u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>,
   303 U.S. 283 (1938).....................................................................................................5

<u>Swierkiewitz v. Sorema N.A.</u>,
   534 U.S. 506 (2002)...................................................................................................10

<u>Tevdorachvili v. The Chase Manhattan Bank</u>,
   103 F.Supp.2d 632 (E.D.N.Y.2000) ........................................................................8, 9

<u>Tongkook America, Inc. v. Shipton Sportswear Co.</u>
   14 F.3d 781 (2d Cir. 1994)...........................................................................................6

<u>Young v. U.S. Dep't of Justice</u>,
   882 F.2d 633 (2d Cir. 1989).........................................................................................6

## **<u>Rules</u>**

Fed. R.Civ.P. 12(b)(1) and (6) .............................................................................................1
Fed. R. Civ. P. 8(a) ............................................................................................................10

## **<u>Statutes</u>**

28 U.S.C. § 1332(a) ............................................................................................................5

## **PRELIMINARY STATEMENT**

In January 2007, defendant Norman Golten ("Golten"), a 40% shareholder of plaintiffs Goltens–New York Corp. ("Goltens NY") and Goltens Worldwide Management Company ("GWMC") (collectively, the "Goltens Companies"), brought an action in this Court against the Goltens Companies seeking dividends that rightfully belonged to him.[1] Two months later, and over three years after the last payment to Golten under the contract at issue, the Goltens Companies filed this facially deficient lawsuit alleging that Golten breached a 1999 contract with Goltens Worldwide.

As set forth herein, the complaint must be dismissed pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure for the following reasons: (1) the Court does not have subject matter jurisdiction over the complaint, as the complaint fails to set forth a good faith basis to recover in excess of the $75,000 jurisdictional amount; and (2) the complaint fails to set forth a cause of action for breach of contract, as the complaint contains vague and ambiguous statements that do not put defendant on notice as to the nature of the claims.

The Goltens Companies' sole cause of action is for breach of the 1999 contract. Pursuant to the contract, Golten stepped down as President of Goltens NY, agreed to provide consulting service to Goltens NY and obtained seats on the boards of directors of the Goltens Companies. In return for the consulting services, the Goltens Companies paid Golten consulting fees and benefits from 1999-2003.

The Goltens Companies allege that they were damaged in the amount of the $1,000,000 in salary and benefits paid to Golten. But the Goltens Companies have failed to set forth any legally cognizable basis to recover the $1,000,000 in salary and benefits paid to Golten.

---

[1] That action is entitled Golten v. Kasper, 07 Civ.1024 (GBD).

Damages in contract, unlike tort damages, must directly flow from the alleged breach. Here, on the face of the contract, the Goltens Companies paid the salary and benefits for the consulting services the complaint admits Golten provided. As shown below, the complaint is devoid of any facts to support any claim that the alleged breaches are causally connected in any way to the $1,000,000 in salary and benefits paid to Golten.

By seeking to disgorge Golten's paid salary, the Goltens Companies are essentially seeking to rescind the contract. Rescission, however, is only available for a substantial breach or fraud and generally requires willful or malicious conduct. The complaint is devoid of any allegations of fraudulent, willful or malicious conduct. Moreover, the Goltens Companies concede that Golten earned the salary by performing his obligations under the contract, which defeats any claim for rescission. Thus, the $1,000,000 in salary that was paid to Golten cannot serve as a basis to invoke the subject matter jurisdiction of the Court.

The only other category of damages the Goltens Companies seek is for unidentified "lost business opportunities" and unspecified "lost management time." These damages do not directly flow from the alleged breach and are thus consequential in nature. Consequential damages must be pleaded with particularity and the complaint must allege that the consequential damages were contemplated by the parties when they entered into the contract. The complaint woefully fails to meet this burden. The complaint is devoid of any facts to indicate that the parties contemplated that Golten would be responsible, in the event of a breach, for lost business opportunities or lost management time. Likewise, the complaint is devoid of any facts to support this claim, and does not, even in the most general of ways, illustrate any lost business or management time. Thus, the complaint fails to allege a good faith basis to invoke the subject matter jurisdiction of the court merely by saying they sustained "millions of dollars" in

damages on account of damages, which at best, are consequential and, at worst, are merely speculative.

Even if this Court were to conclude, which Golten disputes, that there is subject matter jurisdiction over the complaint, the compliant should nonetheless be dismissed because it fails to set forth the elements for breach of contract. The complaint is devoid of any specifics whatsoever as to the nature of the alleged breaches. Even in light of Rule 8(b) of the Federal Rules of Civil Procedure, the plaintiffs must still provide notice of the allegations they are asserting. Plaintiffs have failed to provide any notice of the alleged breaches. Indeed, the complaint includes an allegation that Golten improperly divulged confidential information, despite the fact that the contract, which is annexed to the complaint, does not contain any provision obligating Golten to keep certain information confidential.

Finally, the contract at issue was signed in 1999 and the complaint was filed on April 13, 2007. New York and New Jersey have a six year statute of limitations and thus, all claims that accrued prior to April 13, 2001 are time-barred. The complaint fails to provide any dates for any of the alleged breaches. This precludes Golten from being able to ascertain what, if any, claims are timely and denies him, a full and fair opportunity to defend against these claims.

### STATEMENT OF FACTS[2]

Plaintiff GWMC, a New Jersey corporation, is the management arm of a series of affiliated closely-held family corporations which provide specialized repair, maintenance, reconditioning services and trading of engineering components for the worldwide shipping, offshore marine installations, industrial plants and power stations. GWMC is wholly-owned by plaintiff Goltens NY, a New York corporation. (Compl. ¶2). Prior to February 1999, Golten, a

---

[2] Unless otherwise specified, all facts are taken from the complaint in this action. For the purposes of this motion to dismiss only, the material facts alleged in the complaint are deemed to be true.

3

40% shareholder of Goltens NY and resident of the State of Florida, served as the president and chief executive officer of Goltens NY. (Id. ¶6).

In or about February 1999, GWMC entered into an agreement whereby Golten agreed to give up his position with Goltens NY and serve in a "non-executive" capacity as President of Goltens NY. Golten also agreed to provide consulting services to the Goltens Companies. The Goltens Companies agreed to pay Golten $150,000 per year for five years, plus benefits totaling in excess of $250,000. The Goltens Companies concede that Golten performed the consulting services per the contract. (Id. ¶8). The obligation to pay Golten expired on December 31, 2003. (Id. Ex. A)

Over three years later, the Goltens Companies filed the instant action alleging that Golten breached the contract. Specifically, the Goltens Companies allege, without providing any dates or details or pointing to any particular provision of the contract, that Golten's breaches include: (1) demeaning and interfering with the work of members of management; (2) holding himself out as having authority to sell the Goltens Companies; (3) disregarding instructions from the board of directors and officers of the Goltens Companies not to engage in such discussion; and (4) divulging confidential information about the Goltens Companies to competitors. (Id. ¶10). As a result of the alleged breaches, the Goltens Companies seek to recover $1,000,000 in salary and benefits paid to Golten between 1999 and 2003 in connection with the consulting services. (Id. ¶18) The Goltens Companies also claim they suffered unspecified damages for unidentified lost business opportunities and management time purportedly expended in connection with the above-enumerated breaches. (Id. ¶¶ 13-14)

The complaint does not contain any dates that these alleged breaches occurred. The complaint does not contain any specific allegations indicating how these alleged breaches

occurred. The contract at issue, which is annexed to the complaint, does not contain any confidentiality provision, nor does it contain any provision obligating Golten to keep certain information confidential.

## ARGUMENT

### POINT I

### THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COMPLAINT

Under 28 U.S.C. § 1332(a), the district courts have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a). A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a "reasonable probability" that the claim is in excess of the statutory jurisdictional amount. See Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir.1996); Moore v. Betit, 511 F.2d 1004, 1006 (2d Cir.1975). It is well settled that "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938).

While the amount pleaded generally controls if it appears to be in good faith, the Second Circuit has made it clear that "with mounting federal case loads, ... it has become doubly important that the district courts take measures to discover those suits which [do not belong in a federal court] and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of [the minimum statutory jurisdictional amount]."

Tongkook America, Inc. v. Shipton Sportswear Co. 14 F.3d 781, 784 (2d Cir. 1994) (quoting Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 98 (2d Cir.1966)). As set forth herein, plaintiff cannot meet the minimum statutory jurisdictional amount and the complaint should be dismissed.

The Goltens Companies allege three categories of damages in this diversity case. The only category alleged with any specificity is the $1,000,000 in payments made in salary and benefits under the agreement. See Complt. ¶ 18. The other two categories are lost business opportunities and management time, both of which are made in the most conclusory manner possible. Id. ¶¶ 13-14. As explained below, the complaint alleges no legal cognizable basis for the Goltens Companies' attempt to disgorge the $1,000,000 in payments, Id. ¶ 18. Without that category of damages, the remaining categories of damages alleged are at most speculative. At worst, they are legally deficient in that they are consequential in nature and the Goltens Companies failed to allege, because in good faith they cannot, that they were reasonably foreseeable and within the contemplation of the parties at the time the contract was made.

**A.     There is No Legally Cognizable Basis for the Goltens Companies to Disgorge the $1,000,000 in Salary and Benefits Paid to Golten**

According to the complaint, the contract at issue provided for payment of salary and benefits to Golten which the Goltens Companies now seek to recover from him as a result of the alleged breaches of contract. Complt. ¶¶ 6-7, 18. "Recovery in contract, unlike recovery in tort, allows only for economic losses flowing directly from the breach." See Young v. U.S. Dep't of Justice, 882 F.2d 633, 641 (2d Cir. 1989). However, the Goltens Companies have not alleged facts showing that the $1,000,000 paid to Golten is traceable to the breaches alleged. That is because they are not causally connected. Indeed, the complaint alleges that that Golten actually performed such duties as he was asked to perform under the contract. Complt. ¶ 8.

6

When a plaintiff fails to plead facts establishing that the $1,000,000 paid constitutes economic loss flowing directly from the breach, the claim for such damages fails as a matter of law. <u>See</u> <u>Nwachukwu v. Chemical Bank</u>, 1997 WL 441941, *2 (S.D.N.Y. Aug. 6, 1997) (". . . it must be demonstrated with certainty that the damages alleged were caused by the breach . . .").

       Instead, the Goltens Companies are essentially seeking rescission of the contract. The complaint, however, fails to seek rescission, nor are there any allegations in the complaint sufficient to warrant rescission. As a general rule, rescission of a contract is permitted "for such a breach as substantially defeats its purpose. It is not permitted for a slight, casual, or technical breach, but ... only for such as are material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" <u>RR Chester, LLC v. Arlington Bldg. Corp.</u>, 22 A.D.3d 652, 654 (2d Dep't. 2005); <u>see also</u> <u>Reilly v. Natwest Markets Group Inc.</u> 181 F.3d 253, 263 (2d. Cir. 1999). The facts as alleged in the complaint, even when viewed in the light most favorable to the plaintiff, woefully fail to meet this burden. The complaint is devoid of any allegations of willful conduct on the part of the defendant. Indeed, the Goltens Companies concede that Golten performed the consulting services for which he was paid the $150,000 per year and benefits pursuant to ¶6 and ¶7 of the contract, thus undermining any claim for rescission. <u>See</u> <u>Septembertide Pub., B.V. v. Stein and Day, Inc.</u>, 884 F.2d 675, 678-79 (2d. Cir. 1989) (denying recession where defendant paid all but two payments as required by the contract); <u>Rudman v. Cowles Comm., Inc.</u>, 30 N.Y.2d 1, 13-14 (1972).

       Further, the equitable remedy of rescission is available only where a party lacks a "complete and adequate remedy at law and where the status quo may be substantially restored." <u>Alper v. Seavey</u>, 9 A.D.3d 263, 264 (1st Dep't. 2004). Here, the Goltens Companies allege that

7

they have sustained damages for which they have a legal remedy in the form of consequential or special damages. As plaintiffs cannot rescind the contract, the $1,000,000 in salary, cannot serve as a basis to invoke the jurisdiction of this Court.

### B. Plaintiff's Allegations of Damages Due to Lost Business and Lost Management Time Are Insufficient To Plead Damages in Excess of the Jurisdictional Amount

The only other category of damages plaintiff seeks to recover are damages for alleged lost business opportunities and lost management time. However, the complaint fails to allege sufficient facts demonstrating that the damages alleged flow directly from the breach, i.e., lost business opportunities and loss of management time. The complaint admits that the amounts "cannot be qualified at this time" but the Goltens Companies speculate that they total at least "millions of dollars." See Complt. ¶12. At best, these damages are consequential in nature, however, as set forth herein, the complaint fails to plead these damages with particularity.

"Special" or "consequential" damages seek to compensate a plaintiff for losses other than the value of the promised performance that are incurred as a result of the defendant's breach." Schonfeld v. Hilliard, 218 F.3d 164, 175 (2d Cir. 2000). Consequential damages are limited to "those injuries which the parties could reasonably have anticipated at the time the contract was entered into." Spang Indus., Inc. v. Aetna Casualty and Surety Co., 512 F.2d 365, 368 (2d Cir.1975). Where the damages claimed "do not usually flow from the breach, then it must be established that the special circumstances giving rise to them should reasonably have been anticipated at the time the contract was made." Tevdorachvili v. The Chase Manhattan Bank, 103 F.Supp.2d 632, 637 (E.D.N.Y.2000). Moreover, special damages must be plead with particularity. See Nwachukwu, 1997 WL 441941, at *2.

Prior to entering into this contract, Golten served as President of Goltens NY and received certain salary and benefits and had certain responsibilities and authority. In

consideration for abdicating these benefits and responsibilities, Golten received a seat on the board of directors and was paid a salary, for, among other things, providing certain consulting services. The complaint is devoid of any facts sufficient to establish that the parties contemplated that Golten, in the event of a breach, would be responsible for lost business opportunities or lost management time. Indeed, the complaint does not even allege that these damages were contemplated by the parties. Thus, this claim must fail. See Tevdorachvilli, 103 F.Supp.2d at 637 ("The plaintiff has pleaded no facts suggesting that Chase was aware of any of the business ventures he had to forgo as a result of [the breach of the contract], which is to say that there is no sufficient pleading that the damages alleged were within the contemplation of the parties at the time their contract was formed").

Further, the complaint is bereft of any detail about the alleged lost business opportunities or management time supposedly spent dealing with the alleged breaches that constitutes a good faith allegation that damages supposedly sustained exceed the jurisdictional amount, much less "millions of dollars." The complaint fails to identify, even in the most general terms, a single lost business opportunity that plaintiffs' incurred as a result of defendant's alleged breaches. Nor, does the complaint identify a single incident where management time was expended due to Golten's alleged breach. These vague and conclusory statements cannot support any claim for damages, let alone a claim for consequential damages in excess of $75,000. The complete lack of any specificity as to the allegations of damages is fatal to the Goltens Companies' claim. See In re JetBlue Airways Corp. Privacy Litigation, 379 F. Supp.2d 299, 326-27 (E.D.N.Y. 2003) (conclusory allegations of damages are insufficient to support a cause of action for breach of contract); Nwachukwu, 1997 WL 441941 at *2-4, 8 (concluding that plaintiff failed to sufficiently plead consequential damages and thus finding that

any amounts claimed for consequential damages could not satisfy the jurisdictional requirement); see also L.W.C. Agency, Inc. v. St. Paul Fire & Marine Co. 125 A.D. 2d 371, 372 ("In pleading special damages, actual losses must be identified and causally related" to the purported wrongdoing.)   Accordingly, the complaint should be dismissed.

## POINT II

### THE COMPLAINT FAILS TO STATE THE REQUISITE ELEMENTS OF A BREACH OF CONTRACT CLAIM

To provide adequate notice under Fed. R. Civ. P. 8(a) in a breach of contract action, a plaintiff "must properly allege the basic details of the claim – i.e., when the breach occurred, what the breach consisted of, and how or in what manner the breach occurred." OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04-2271, 2005 WL 100849, at *6 (S.D.N.Y. Jan. 19, 2005); see also Swierkiewitz v. Sorema N.A., 534 U.S. 506, 512 (2002) (even under Fed. R. Civ. P. 8(a), the complaint must provide a defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."). As shown below, the complaint falls far short of this legal mark.

The first three breaches alleged essentially boil down to defendant having supposedly held "himself out to persons as having the executive capacity of President …. " and with authority to sell the Goltens Companies. Id. ¶ 10(a)-(c). The fourth and sixth breaches alleged are more of the same – that that defendant disregarded "instructions from the Board of Directors and chief operating officers of the Golten Companies not to hold himself out" as having executive authority. Id. ¶ 10(d) and (f). These allegations fail to inform defendant when or how each alleged breach occurred and are legally insufficient to put him on notice of the charges lodged against him, and should be dismissed. See OneBeacon Ins. Co., 2005 WL 100849, at *6; see also Swierkiewitz, 534 U.S. at 512. The fifth breach alleged is that defendant

10

"improperly divulg[ed] confidential information about the Golten Companies", (id. ¶ 10(e)), even though the Agreement, which is attached as an exhibit to the complaint (id. Ex. A), contains no provisions obligating plaintiff to keep certain information confidential. To the extent the contract claim rests on this allegation, it should be dismissed for that reason alone.

Even under the liberal pleading standards, the defendant is entitled to be put on notice when the alleged breaches occurred. The complaint is devoid of any specifics dates. It is unclear whether these alleged breaches are within the statute of limitations and precludes the defendant from interposing appropriate defenses. This is particularly troublesome given the fact that the contract was signed in 1999 and the complaint was filed in April 2007. New York has a six year statute of limitations, such that all claims that accrued prior to April 2001 are time-barred. As the complaint does not contain any dates, Golten is precluded from determining which, if any, alleged breached are time-barred. The failure to include such basic information is cause to dismiss the complaint. See O'Brocta on Behalf of Frank J. O'Brocta Salvage, Inc. v. O'Brocta 1989 WL 19606, *4 (W.D.N.Y. 1989); see also Marco v. Sachs 270 A.D. 948, 948 (2d Dep't 1946) ("Appellants are entitled to have the complaint made more definite by showing the dates upon which the numerous acts alleged to have been committed, pursuant to the alleged conspiracy, took place, so as to enable them to determine whether or not they have a defense under the Statute of Limitations.")

## CONCLUSION

For the foregoing reasons, Golten respectfully requests that the Court dismiss the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      November 29, 2007

STORCH AMINI & MUNVES PC

By:   /s/ Lita Beth Wright
      Lita Beth Wright (LW 0442)
      Jonathan Bardavid (JB 0072)
Two Grand Central Tower, 25th Floor
140 East 45th Street
New York, NY 10017
(212) 490-4100
*Attorneys for Defendant*