UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GOLTENS WORLDWIDE MANAGEMENT       :
CORP. and GOLTENS-NEW YORK CORP.,  :
                                   :
                    Plaintiffs,    :     07cv09711 (GBD)(HBP)
                                   :
     - against -                   :
                                   :
NORMAN GOLTEN,                     :
                                   :
                    Defendant.     :
------------------------------------------------------------------x

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

ORANS, ELSEN & LUPERT LLP
Leslie A. Lupert (LL-0955)
Thomas A. Brown (TB-1642)
Nicholas G. Arons (NA-5427)
875 Third Avenue, 28th Floor
New York, New York 10022
(212) 586-2211
*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTS ...................................................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

    POINT I. THE COMPLAINT SEEKS FAR MORE THAN $75,000 ....................................... 4

        A. Plaintiffs Sufficiently Alleged Causation Between the Breaches and Damages ........... 6

        B. Plaintiffs Are Not Seeking Rescission ......................................................................... 9

    POINT II. THE COMPLAINT STATES THE ELEMENTS OF A BREACH OF CONTRACT CLAIM ............................................................................................................. 10

CONCLUSION ...................................................................................................................... 13

# TABLE OF AUTHORITIES

## Cases

Page(s)

3947 Austin Boulevard Associates, LLC v. MKD Capital Corp.,
2007 WL 1575265 (S.D.N.Y. May 30, 2007) ........ 6

Alper v. Seavey,
9 A.D.3d 263, 780 N.Y.S.2d 564 (App. Div. 1st Dep't 2004) ........ 10

A. T. Brod & Co. v. Perlow,
375 F.2d 393 (2d Cir. 1967) ........ 11

Defler Corporation v. Kleeman,
19 A.D.2d 396, 243 N.Y.S.2d 930 (App. Div. 4th Dep't 1963) ........ 6, 7

Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd.,
162 F.Supp.2d 275 (S.D.N.Y. 2001) ........ 5

Evangelista v. Queens Structure Corp.,
27 Misc.2d 962, 212 N.Y.S.2d 781 (Sup. Ct. Queens County, 1961) ........ 7

Highway Dept. v. Walsh Const. Co. of Illinois,
2002 WL 1489866 (Mass.Super. June 18, 2002) ........ 12

In re Jet Blue Airways Corp. Privacy Litigation,
379 F. Supp.2d 299 (E.D.N.Y. 2005) ........ 9

In re O.P.M. Leasing Services, Inc.,
21 B.R. 986 (Bkrtcy. N.Y. 1982) ........ 7

Lamdin v. Broadway Surface Advertising Corp.,
272 N.Y. 133, 5 N.E.2d 66 (N.Y. 1936) ........ 7

Lentell v. Merrill Lynch & Co., Inc.,
396 F.3d 161 (2d Cir.2005) ........ 2

Levisohn, Lerner, Berger & Langsam v. Medical Taping Systems, Inc.,
10 F.Supp.2d 334 (S.D.N.Y. 1998) ........ 12

Lieberman v. Templar Motor Co.,
236 N.Y. 139, 140 N.E. 222 (N.Y. 1923) ........ 6

L.W.C. Agency v. St. Paul Fire and Marine Insurance Company,
125 A.D.2d 371, 509 N.Y.S.2d 97 (App. Div. 2d Dep't 1986) ........ 9

Malmsteen v. Berdon, LLP,
    477 F.Supp.2d 655 (S.D.N.Y. 2007) .................................................................... 12

Marco v. Sachs,
    270 A.D. 948 (App. Div. 2d Dep't 1946) ............................................................ 12

MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.,
    216 F.Supp.2d 251 (S.D.N.Y. 2002) .............................................................. 10, 11

Menzel v. List,
    24 N.Y.2d 91, 246 N.E.2d 742, 298 N.Y.S.2d 979 (N.Y. 1969) ............................ 6

Nordic Bank, PLC v. Trend Group, Ltd.,
    619 F.Supp. 542 (S.D.N.Y. 1985) ........................................................................ 11

Nwachukwu v. Chemical Bank,
    1997 WL 441941 (S.D.N.Y. Aug. 6, 1997) ....................................................... 8, 9

O'Brocta v. O'Brocta,
    1989 WL 19606 (W.D.N.Y. Feb. 24, 1989) .................................................. 12, 13

OneBeacon Ins. Co. v. Forman Int'l, Ltd.,
    2005 WL 100849 (S.D.N.Y. Jan. 19, 2005) ......................................................... 12

Reilly v. Natwest Markets Group Inc.,
    181 F.3d 253 (2d Cir. 1999) ................................................................................. 10

Rexnord Holdings, Inc. v. Bidermann,
    21 F.3d 522 (2d Cir. 1994) ................................................................................... 10

RR Chester, LLC v. Arlington Building Corp.,
    22 A.D.3d 652, 803 N.Y.S.2d 100 (App. Div. 2d Dep't 2005) ....................... 9, 10

Rudman v. Cowles Com., Inc.,
    30 N.Y.2d 1, 280 N.E.2d 867, 330 N.Y.S.2d 33 (N.Y. 1972) ............................. 10

Salahuddin v. Cuomo,
    861 F.2d 40 (2d Cir. 1988) ................................................................................... 11

Schonfeld v. Hilliard,
    218 F.3d 164 (2d Cir. 2000) ................................................................................... 8

Septembertide Publishing, B.V. v. Stein and Day, Inc.,
    884 F.2d 675 (2d Cir. 1989) ................................................................................. 10

Sony Financial Services, LLC v. Multi Video Group, Ltd.,
    2003 WL 21396690 (S.D.N.Y. June 17, 2003) .................................................... 12

<u>Spang Industries, Inc. v. Aetna Casualty and Surety Co.</u>,
   512 F.2d 365 (2d Cir. 1975)..................................................................................... 8, 9

<u>Startech, Inc. v. VSA Arts</u>,
   126 F.Supp.2d 234 (S.D.N.Y. 2000).............................................................................. 10

<u>Swierkiewicz v. Sorema N.A.</u>,
   534 U.S. 506 (2002)...................................................................................................... 12

<u>Tagare v. NYNEX Network Systems Co.</u>,
   921 F.Supp. 1146 (S.D.N.Y. 1996) .............................................................................. 12

<u>Tevdorachvili v. Chase Manhattan Bank</u>,
   103 F.Supp.2d 632 (E.D.N.Y. 2000) .............................................................................. 9

<u>Tongkook America, Inc. v. Shipton Sportswear Co.</u>,
   14 F.3d 781 (2d Cir. 1994).............................................................................................. 5

<u>Wechsler v. Bowman</u>,
   285 N.Y. 284, 34 N.E.2d 322 (N.Y. 1941)..................................................................... 7

<u>Westcom Corp. v. Dedicated Private Connections, LLC</u>,
   9 A.D.3d 331, 781 N.Y.S.2d 322 (App. Div. 1st Dep't 2004) ........................................ 6

<u>Young v. United States Department of Justice</u>,
   882 F.2d 633 (2d Cir. 1989)............................................................................................ 7

<u>Zacharia v. Harbor Island Spa, Inc.</u>,
   684 F.2d 199 (2d Cir. 1982)............................................................................................ 5

**<u>Rules</u>**

Fed. R. Civ. P. 8(a) .......................................................................................................... 10

Fed. R. Civ. P. 9(b) .......................................................................................................... 13

Fed. R. Civ. P. 12(b) .......................................................................................................... 2

**<u>Other Authorities</u>**

11 Williston Contracts (3d ed.)............................................................................................ 6

Restatement (Second) of Contracts § 347........................................................................... 6

PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in opposition to the motion of defendant Norman Golten ("Golten" or "defendant") to dismiss the complaint.

This case was brought to recover payments made to defendant under a written agreement and for other damages caused by his breaches of that agreement. Under that agreement, defendant, a minority shareholder in the plaintiff companies, was removed as an executive of the companies, and, in exchange for his promise that he would only have a "non-executive" capacity, the companies paid him approximately $1 million over the following five years. This was essentially a severance arrangement. The complaint details defendant's numerous breaches of his agreement, including improperly holding himself out as the companies' senior executive to third parties, such as potential acquirers of the companies and company employees. Plaintiffs seek to recover the $1 million of payments to him and additional damages that "total at least millions of dollars" for "loss of business, business opportunities and employees, and lost management time" caused by defendant's breaches of contract. (Cplt ¶18.)

Even though the complaint states that plaintiffs are entitled to recover the $1 million in payments and additional large amounts, defendant contends that the complaint does not meet the $75,000 jurisdictional threshold for federal jurisdiction. His argument is ridiculous—the complaint seeks recovery of the precise amount of payments he received, which exceed $1 million, and additional damages, so the complaint obviously alleges an amount in excess of $75,000. His second argument has no more validity. He asserts that the complaint does not adequately specify his breaches of contract, but paragraphs 10 and 18 of the complaint are very detailed, stating, *inter alia*, that though defendant agreed in the contract that he had no executive authority, he in fact held himself out to third parties and employees as if he were the actual chief

1

executive officer of the company, thereby causing substantial damages, including a loss of customers and employees. Defendant simply ignores those paragraphs of the complaint in his motion.

## FACTS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(1) and (6), plaintiffs' factual allegations are assumed to be true. Lentell v. Merrill Lynch & Co., Inc., 396 F.3d 161, 165 (2d Cir. 2005). Therefore, the following facts set forth in the complaint are controlling for this motion.

Plaintiff Goltens Worldwide Management Corp. ("GWMC") is a New Jersey Corporation with its principal place of business in Manasquan, New Jersey. (Cplt ¶2.) GWMC manages a number of related companies including Plaintiff Goltens-New York Corp. ("Goltens N.Y."), a New York corporation with its principal place of business in Brooklyn, New York. The group of related companies is referred to herein as the "Goltens Companies." The Goltens Companies have operations in cities and ports around the world and provide, among other things, repair, maintenance and related services for large ocean going vessels and industrial power stations. (Cplt ¶2.)

Prior to February 1999, Golten was the president of Goltens N.Y. and de facto chief executive officer for the Goltens Companies. (Cplt ¶6.) In or about February 1999, GWMC and Goltens N.Y. entered into an agreement dated January 28, 1999 with him, a true and exact copy of which is attached to the complaint as exhibit 1 (hereinafter referred to as the "Agreement"). Id. Pursuant to the Agreement, the parties agreed that Golten would retain the title of "President" of Goltens N.Y., "but you [Golten] would hold your title and office in a non-executive capacity...." Id. The Agreement further provided that Golten "would not have check-

2

signing authority or other general authority to bind the Company [Goltens N.Y.], except as specifically authorized from time to time by the Board of Directors of the Company." Id. Additionally the Agreement defined and limited his duties to "assisting and advising the Company with union relations and with development and operation of the Company's internet website, both as requested by the [sic] me or by a Chief Executive Officer elected by the Board of Directors of the Company." Id. Golten had no other defined duties and neither the Chief Executive Officer nor the Boards of Directors of GWMC and Goltens N.Y. ever authorized him to perform additional duties for the Company. Id. The Agreement, which is continuing, further provided for payments to Golten of $150,000 per year for five years, plus specified benefits totaling in excess of $250,000. The monetary value of the Agreement to Golten, which has been paid in full, was "in excess of $1,000,000." (Cplt ¶7.)

The following is an exact quotation of paragraph 10 of the complaint, which sets forth the defendant's breaches in much more detail than the Federal Rules require:

> a. holding himself out to persons as having the executive capacity of President when the Agreement expressly states that he may not do so;
>
> b. improperly acting as if he were a President with executive capacity in discussions with persons and companies about them acquiring the businesses owned by the Goltens Companies;
>
> c. upon information and belief, holding himself out as having authority to sell the Goltens Companies;
>
> d. disregarding instructions from the Board of Directors and chief operating officers of the Goltens Companies not to hold himself out as set forth in paragraphs a through c above;
>
> e. improperly divulging confidential information about the Goltens Companies to persons and companies who were not entitled to this information, including certain companies that are and have been direct competitors of the Goltens Companies; and
>
> f. directly interfering with the management of the Goltens Companies by acting as if he had the executive capacity of a President. These actions included, but are not limited to,

3

attempting to set policy, instructing managers of the facilities owned by the Goltens Companies as to what actions they should or should not take, and disparaging senior management of the Goltens Companies to employees of those Companies and others.

(Cplt ¶10.)

The complaint further asserts that the board of directors repeatedly instructed Golten to cease and desist from these actions, to no avail. (Cplt ¶11.)

Besides the "in excess of $1 million" that the complaint seeks as damages equaling the actual payments made to Golten under the Agreement, the complaint seeks additional damages that cannot be quantified precisely at this time, but "total at least millions of dollars" (Cplt ¶12) for substantial business and business opportunities that have been lost and are continuing to be lost as a result of Golten's breaches of contract. Additional damages are sought because, upon information and belief, competitors of the Goltens Companies have learned the names of several key employees, as well as details about its operations, from defendant and have used this information to solicit employees and customers of the plaintiff companies to their detriment. (Cplt ¶13.) Finally, damages are sought for the considerable management time that has had to be expended and is being expended in responding to defendant's breaches of the Agreement and in locating replacements for these employees and restoring the lost business, time which should have been spent in more productive work. (Cplt ¶14.) Any one of these categories meets the jurisdictional test.

<div style="text-align:center">ARGUMENT</div>

## I.   THE COMPLAINT SEEKS FAR MORE THAN $75,000

We cannot comprehend how defendant can argue that this complaint does not allege $75,000 in damages when it expressly seeks the amount defendant was paid, which was "in excess of $1 million." (Cplt ¶¶18, 7.) This is comprised of the five yearly payments of

$150,000, plus benefits specified in the Agreement, which total in excess of $250,000. (Cplt ¶7.) These are not estimates; these are the amounts that plaintiffs paid Golten under the Agreement. Besides seeking "in excess of $1 million," the complaint further seeks consequential damages caused by the loss of employees, customers and management time, which the complaint states "total at least millions of dollars." (Cplt ¶12.)

When a defendant moves to dismiss a case for want of jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). In determining whether a plaintiff has alleged the jurisdictional amount of $75,000 for subject matter jurisdiction, the court looks at the allegations – not the defendants' defenses – to determine good faith. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199, 202 (2d Cir. 1982).

The complaint's assertion of a specific amount of about $1 million meets the good faith test. In addition, the estimate of damages for loss of business, employees and management time is sufficient. As the Second Circuit in Tongkook held: "[w]here the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." Id. at 785. Judge Rakoff noted in Dublin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd., 162 F.Supp.2d 275, 278 (S.D.N.Y. 2001), that a plaintiff may allege damages upon "information and belief," so long as the plaintiff does so with "reasonable probability." In Dublin, the plaintiff did not state any calculations, but instead simply alleged that it "anticipates, on the basis of information and belief and reasonable projections from known facts, that it will be able to claim damages of at least $1 million." Id. Judge Rakoff found that allegation to be sufficient to withstand a motion to dismiss. The same is true here.

Here, the complaint easily meets the jurisdictional test, and defendant's motion should therefore be denied.

**A. Plaintiffs Sufficiently Alleged Causation Between the Breaches and Damages.**

Golten argues that plaintiffs have not "alleged facts showing that the $1,000,000 paid to Golten is traceable to the breaches alleged." (Br. at 6)  This ignores the allegations in the complaint to the effect that plaintiffs are seeking the money defendant was paid under the Agreement because he breached his express promise in the Agreement not to act in an executive capacity.

Damages in a breach of contract action include "any benefit which the non-breach party bestowed upon the breaching party." 3947 Austin Boulevard Associates, LLC v. MKD Capital Corp., 2007 WL 1575265 (S.D.N.Y. May 30, 2007). These damages can include the salary and benefits paid to defendant. Westcom Corp. v. Dedicated Private Connections, LLC, 9 A.D.3d 331, 332, 781 N.Y.S.2d 322, 323 (App. Div. 1st Dep't 2004). A "general principle" of contract law is that recovery for breach of contract should put the injured party "in as good a position as he would have occupied had the contract been kept." Menzel v. List, 24 N.Y.2d 91, 97, 246 N.E.2d 742, 745, 298 N.Y.S.2d 979, 983 (N.Y. 1969) (citing 11 Williston, Contracts (3d ed.), at 484); see also Restatement (Second) of Contracts § 347. Based on this hornbook law, New York courts have routinely held that the reasonable and necessary expenses which plaintiffs incur in good faith in anticipation of performance of the contract – here, payments to defendant – are recoverable as elements of plaintiffs' damages. See e.g. Lieberman v. Templar Motor Co., 236 N.Y. 139, 149, 140 N.E. 222, 225 (N.Y. 1923).

New York courts have also routinely held that a disloyal employee (like Golten) who breaches a contract must repay income or salary earned during his time of disloyalty. See Defler

6

Corporation v. Kleeman, 19 A.D.2d 396, 404, 243 N.Y.S.2d 930, 938 (App. Div. 4th Dep't 1963), aff'd, 19 N.Y.2d 694, 225 N.E.2d 569, 278 N.Y.S.2d 883 (N.Y. 1967) ("An employee whose actions are disloyal to the interests of his employer forfeits his right to compensation for services rendered by him."); In re O.P.M. Leasing Services, Inc., 21 B.R. 986, 991 (Bkrtcy. N.Y. 1982); Lamdin v. Broadway Surface Advertising Corp., 272 N.Y. 133, 5 N.E.2d 66 (N.Y. 1936); Wechsler v. Bowman, 285 N.Y. 284, 34 N.E.2d 322 (N.Y. 1941), reh'g denied, 286 N.Y. 582, 35 N.E.2d 930 (N.Y. 1941); Evangelista v. Queens Structure Corp., 27 Misc.2d 962, 212 N.Y.S.2d 781 (Sup. Ct. Queens County, 1961).

The allegations in the complaint that Golten caused a loss of employees and customers and a waste of management time are also sufficiently tied to his breaches of the Agreement for pleading purposes. By removing him as an officer of the Companies with executive authority, he was forbidden from dealing with competitors and employees in that capacity. But he nevertheless continued to hold himself out as having executive authority, and in the process, the Companies lost employees and customers, and management has wasted considerable time trying to repair the damage he caused. Causation is thus established.

Defendant's cases are all off point. Young v. United States Department of Justice, 882 F.2d 633 (2d Cir. 1989), involved a breach of a confidence cause of action, which the Second Circuit described as "in its infancy." Id. at 641. The Second Circuit did nothing more than state the hornbook rule that recovery on a contract claim allows only for economic losses flowing directly from the breach. Id. That is exactly what has been alleged here where plaintiffs seek the approximately $1,000,000 they paid defendant in exchange for his promise not to hold himself out as having executive authority, and additional damages caused by the same misconduct for loss of customers, business and management time.

Nwachukwu v. Chemical Bank, 1997 WL 441941 (S.D.N.Y. Aug. 6, 1997), an unreported decision, is also irrelevant. There, the plaintiff alleged that $38,041.30 was improperly debited from his bank account. To try to get the number over the jurisdictional limit, the plaintiff further claimed that he suffered damages of $1,000,000 from the "loss of profits . . . due to his inability to engage in pre-arranged business ventures. Additionally, Nwachukwu claims that the loss of funds prevented a planned personal family vacation to Disney World, and caused him and his family emotional distress resulting in medical expenses of over $12,000.00." Id. at *1. Nothing in that complaint tied the lost profits or failed trip to the small allegedly improper debit, leading the court to conclude that the complaint failed to plead "a determination that the parties contemplated assumption by the defendant of liability for the damages at issue." Id. at *2. But here, the complaint makes clear that the Agreement required plaintiffs to pay Golten over $1 million in return for his promise not to hold himself out as an executive. He was paid the money and benefits but breached his promise, entitling the companies to recover the payments. This is a far cry from trying to turn $38,000 in real damages into a plus $1,000,000 lost profits claim.

Schonfeld v. Hilliard, 218 F.3d 164 (2d Cir. 2000), was resolved on summary judgment after discovery and involved a claim for "lost profits from a new business venture." Id. at 172. The Second Circuit held this "receives greater scrutiny because there is no track record upon which to base an estimate." Id. But here, plaintiffs are alleging specific losses from specific misconduct, and in any event, this is not a summary judgment motion, but a motion to dismiss where the allegations of this complaint are sufficient for pleading purposes. Spang Industries, Inc. v. Aetna Casualty and Surety Co., 512 F.2d 365 (2d Cir. 1975), also cited by defendant, involved an appeal of a case after a trial. There, the Second Circuit observed: "If the damages

8

suffered do not usually flow from the breach, then it must be established that the special circumstances giving rise to them should reasonably have been anticipated at the time the contract was made." Id. at 368. This is precisely what plaintiffs here have alleged: that defendant was paid substantial sums in exchange for his promise not to hold himself out as having executive authority, but then did so resulting in damages in the amount that he was paid and the losses his misconduct caused.

Another case cited by defendant, Tevdorachvili v. Chase Manhattan Bank, 103 F.Supp.2d 632 (E.D.N.Y. 2000), was a breach of contract case where the plaintiff, like the one in Nwachukwu, claimed that a bank had improperly withdrawn money from his account and prevented him from pursuing business investments. He sought damages to compensate him for those lost business opportunities, which the defendant bank did not know about, and had no reason to know about, at the time the contract was made. As for L.W.C. Agency v. St. Paul Fire and Marine Insurance Company, 125 A.D.2d 371, 509 N.Y.S.2d 97 (App. Div. 2d Dep't 1986), the quotation in defendant's brief deals with the tort of defamation, not a breach of contract case. The full quote reads: "In pleading special damages, actual losses must be identified and causally related to the alleged tortious act." Id. at 373. And In re Jet Blue Airways Corp. Privacy Litigation, 379 F. Supp.2d 299 (E.D.N.Y. 2005), involved a class action seeking contract damages for a loss of privacy, which the Court found is not a loss with any monetary value that could be recovered in a breach of contract action.

**B. Plaintiffs Are Not Seeking Rescission.**

Golten argues that the complaint is really an attempt to seek rescission of the contract (Br. 7-8), but that remedy is nowhere sought in the complaint. Indeed, the word "rescind," and the many conjugations thereof, appear nowhere. Plaintiffs are at a loss as to the relevance of RR

Chester, LLC v. Arlington Building Corp., 22 A.D.3d 652, 803 N.Y.S.2d 100 (App. Div. 2d Dep't 2005), cited by defendant, which was an action for specific performance of a contract for the sale of real property and reformation, or of Reilly v. Natwest Markets Group Inc., 181 F.3d 253 (2d Cir. 1999), where the Second Circuit was asked to decide whether an employee could elect to rescind his employment contract and take his *quantum meruit* recovery after the damages trial. The court decided it "need not decide these academic issues, interesting though they be, for the simple reason that Reilly never timely rescinded his express contract." Id. at 263. As for Septembertide Publishing, B.V. v. Stein and Day, Inc., 884 F.2d 675 (2d Cir. 1989), Rudman v. Cowles Com., Inc., 30 N.Y.2d 1, 280 N.E.2d 867, 330 N.Y.S.2d 33 (N.Y. 1972), and Alper v. Seavey, 9 A.D.3d 263, 780 N.Y.S.2d 564 (App. Div. 1st Dep't 2004), while they set forth the standard for contract rescission, they have no bearing here where that remedy is not sought.

## II. THE COMPLAINT STATES THE ELEMENTS OF A BREACH OF CONTRACT CLAIM

Defendant argues that the allegations in the complaint "fail to inform defendant when or how each alleged breach occurred and are legally insufficient to put him on notice of the charges lodged against him." (Br. at 10)

Under Fed. R. Civ. P. 8(a), "all that is required at this stage of the proceedings is 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" MDCM Holdings, Inc. v. Credit Suisse First Boston Corp., 216 F.Supp.2d 251, 260 (S.D.N.Y. 2002) (quoting Fed.R.Civ.P. 8(a)(2)). "The essential elements to pleading a breach of contract under New York law are the making of an agreement, performance by the plaintiff, breach by the defendant, and damages suffered by the plaintiff." Startech, Inc. v. VSA Arts, 126 F.Supp.2d 234, 236 (S.D.N.Y. 2000); see also Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994). Under these relaxed federal pleading requirements, "each element need not be

separately pled." Nordic Bank, PLC v. Trend Group, Ltd., 619 F.Supp. 542, 561 (S.D.N.Y. 1985). Judge Scheindlin wrote:

> [A]ll that is required at this stage of the proceedings is 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed.R.Civ.P. 8(a)(2). As the Supreme Court recently emphasized: 'Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."' Swierkiewicz, 122 S.Ct. at 998 (quoting Conley v. Gibson, 355 U.S. at 47, 78 S.Ct. 99). 'This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.' Id.

MDCM Holdings, 216 F.Supp.2d at 260.

Plaintiffs have alleged this and more: defendant entered into a binding contract with plaintiffs (Cplt ¶ 16); plaintiffs complied with their contractual obligations, while defendant materially breached his obligations (Cplt ¶ 17); and these breaches damaged plaintiffs. (Cplt ¶18). Plaintiffs also specifically identify and attach the contract at issue (Cplt ¶ 6) and the precise nature of the breaches by defendant (Cplt ¶ 10 a through f, quoted supra at pages 4-5.). Thus plaintiffs have more than met the pleading requirements by putting defendant on notice of the allegations against him.

The Second Circuit has held that dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). In explaining this low pleading standard, Judge Kaufman wrote for the Second Circuit: "The pleading rules, designed to avoid and reduce long and technical allegations, are necessarily supplemented by procedures, including summary judgment, which enable a party to have a judgment in a relatively short time if there is actually no bona fide claim presented." A. T. Brod & Co. v. Perlow, 375 F.2d 393, 398 (2d Cir. 1967). The only complaints that have been dismissed for failure to state a claim are ones in which the complaint failed to allege the

11

existence of a contract, any breaches of the contract, or that the plaintiffs performed their obligations under the contract. See Sony Financial Services, LLC v. Multi Video Group, Ltd., 2003 WL 21396690, *2 (S.D.N.Y. June 17, 2003); Levisohn, Lerner, Berger & Langsam v. Medical Taping Systems, Inc., 10 F.Supp.2d 334, 344 (S.D.N.Y. 1998); Tagare v. NYNEX Network Systems Co., 921 F.Supp. 1146, 1150 (S.D.N.Y. 1996); Malmsteen v. Berdon, LLP, 477 F.Supp.2d 655, 666 (S.D.N.Y. 2007).

Defendant's cases are inapposite. In OneBeacon Ins. Co. v. Forman Int'l, Ltd., 2005 WL 100849 (S.D.N.Y. Jan. 19, 2005), plaintiff did not even identify the contract in the complaint and alleged nothing more than defendant "violated written and/or oral underwriting standards and guidelines." Id. at *6. Moreover, that case appears to have relied for some unstated reason on Highway Dept. v. Walsh Const. Co. of Illinois, 2002 WL 1489866 (Mass.Super. June 18, 2002), a Massachusetts state law decision that requires more detail in the complaint than the Federal Rules. Indeed, defendant's memorandum does not even inform this Court that the quote from the OneBeacon decision was actually a quote from Highway, the Massachusetts state court case. Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002), involved a discrimination claim, rather than breach of contract, and clearly affirms the principle of liberal notice pleading, rather than the detailed pleading that defendant claims is required.

Finally, defendant argues that the complaint is "devoid of any specific dates," without citing a case holding that "specific dates" are required in a complaint alleging breach of contract. Marco v. Sachs, 270 A.D. 948, (App. Div. 2d Dep't 1946), was a state court decision involving a charge of conspiracy, and thus the federal pleading requirements did not apply. The second case cited by defendant, O'Brocta v. O'Brocta, 1989 WL 19606 (W.D.N.Y. Feb. 24, 1989), was a shareholders' derivative action claiming fraud, which of course must be pleaded with

12

particularity under Fed. R. Civ. P. 9(b). The other claim in O'Brocta, tortious interference with a contract, was insufficiently pleaded as to the dates only because there was an obvious statute of limitations problem. As the Court held: "this Court finds it more prudent to dismiss the plaintiffs' sixth cause of action without prejudice to the filing of an amended pleading specifying additional facts enabling James to interpose a statute of limitations defense if appropriate." Id. at *4 (emphasis added). No such argument has been made on this motion to dismiss.

## CONCLUSION

In a letter to this Court dated November 16, 2007, which we did not receive until December 10, 2007 because defendant did not send us a copy as required by this Court's rules[1], defendant mentioned that this case was originally brought in the Eastern District of New York and assigned to Judge Block who subsequently transferred it here. What he fails to mention is that before the transfer, Judge Block held a conference, pursuant to his rules, on whether the instant motion to dismiss should be brought. He told defendant's counsel that it was frivolous, but nevertheless defendant has made the exact same motion, citing the exact same authorities, that he set forth in his letter to Judge Block on the matter. In our response letter to Judge Block, we made it clear, just as we have in this memorandum, that many of those authorities had no bearing on the issues here, but defendant has chosen nevertheless to rely on them again. Moreover, Golten has totally ignored all the authorities we set forth in our responsive letter. In short, he has done nothing more than repeat the same rhetoric and cases that he set forth in his letter to Judge Block. The letters are annexed as exhibits 1 and 2 for the Court's convenience.

Defendant's motion has no more merit now than it had when the case was in the Eastern District, and should be denied, together with such other relief as the Court deems warranted.

---

[1] Defendant's counsel wrote us on December 11, 2007 stating the failure to send us the letter was inadvertent.

13

Dated: December 13, 2007

            Respectfully Submitted,

            ORANS, ELSEN & LUPERT LLP

            By: _____s/ Leslie A. Lupert (LL-0955)_
              Leslie A. Lupert (LL-0955)
              Thomas A. Brown (TB-1642)
              Nicholas G. Arons (NA-5427)
              875 Third Avenue, 28th Floor
              New York, New York 10022
              (212) 586-2211

            *Attorneys for Plaintiffs*