# APPENDIX B

# Westlaw.

Not Reported in N.E.2d                                                          Page 1
Not Reported in N.E.2d, 14 Mass.L.Rptr. 608, 2002 WL 1489866 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d)**

**H**Highway Dept. v. Walsh Const. Co. of Illinois
Mass.Super.,2002.


Superior Court of Massachusetts.
MASSACHUSETTS HIGHWAY DEPARTMENT et
al.,[FN1]


FN1. Massachusetts Turnpike Authority.
v.
WALSH CONSTRUCTION COMPANY OF
ILLINOIS.
**No. 015746BLS.**


June 18, 2002.


Van GESTEL, J.
*1 This matter comes before the Court on the seldom
used, and even less successful, motion for a more
definite statement. The defendant, Walsh
Construction Company of Illinois ("Walsh"), says
that the complaint of the Massachusetts Highway
Department and the Massachusetts Turnpike
Authority (collectively "MHD/MTA") is
impermissibly vague in light of the complexity of the
underlying situation.


*BACKGROUND*


What is involved is an $80 million [FN2] public
construction contract for the finish work on the Ted
Williams Tunnel under Boston Harbor, connecting
South Boston with Logan Airport in East Boston.
Walsh claims to have utilized more the 600,000 man-
hours in labor and to have purchased over $20.5
million in materials from vendors worldwide. The
work spanned in excess of three miles of tunneled
roadway and required the installation of more than
650,000 square feet of ceiling panels; 30,000 linear
feet of stainless steel handrail; 60,000 linear feet of
polymer panel barriers; 600,000 square feet of
ceramic tile; 24,000 linear feet of duct-edge seal;
25,000 anchor bolts; 100,000 linear feet of light
trough; and 13,000 tons of bituminous concrete
pavement. Walsh claims to have used more than 12
subcontractors.


FN2. In para. 5 of the complaint it is alleged

that the contract when signed was for
$49,495,000. It is Walsh's memorandum that
targets the ultimate cost at $80 million.

The tunnel was opened-and therefore at least
substantially completed-on December 15, 1995.
Walsh says that it has had no contact with
MHD/MTA for over four years. This suit was filed
on December 14, 2001, one day under six years after
the tunnel opened.

In one sense, the complaint is a model of compliance
with Mass.R.Civ.P. Rule 8(a). It is three pages in
substantive assertions, with the fourth containing
only the signatures of counsel for the two plaintiffs.
There are 15 numbered paragraphs and just two
counts, one for breach of contract and the second for
indemnification. Only one paragraph in the whole
complaint makes any allegations or assertions
regarding what Walsh did or did not do. This is
paragraph numbered 6, and it reads in its entirety as
follows:
Walsh began its work under the CO5B1 contract, but
the work performed by Walsh is defective in that it
fails to comply with the Contract Documents,
including plans and specifications prepared by
Domenech & Hicks.

The following paragraph says, "As a result of Walsh's
defective construction, Plaintiffs have incurred
substantial costs to correct deficiencies on the
Project."


*DISCUSSION*


There is a tension between the notice pleading
requirements of Rule 8(a) and the provision
permitting a motion for a more definite statement
under Rule 12(e). See Smith and Zobel, *Rules
Practice,* 6 M.P.S., Sec. 12.19. "In the system of
notice pleading which the Rules embody, discovery,
not specifications and motion practice, serves the
purpose of specifications and particulars. The motion
for more definite statement is appropriate when a
pleading is so impenetrable, so vague, ambiguous or
muddled that a party cannot reasonably be expected
to frame a response." *Id.*

Not Reported in N.E.2d                                                                                           Page 2
Not Reported in N.E.2d, 14 Mass.L.Rptr. 608, 2002 WL 1489866 (Mass.Super.)
**(Cite as: Not Reported in N.E.2d)**

**\*2**Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, and ... a demand for judgment for the relief to which he deems himself entitled."Smith and Zobel, in the same volume mentioned above, state, "Pleadings under the Rules serve primarily to give fair notice of claims or defenses, and secondarily to establish the nature of litigation for purposes of res judicata."*Id.* at Sec. 8.1. They point out, "Although Rule 8 encourages and in fact requires brevity in pleadings, the emphasis on 'notice' should not induce vague or ambiguous pleading."

"Appropriate defense motions and answers are not possible in the absence of a complaint that, unsupplemented by oral or written material, sets forth plainly, concisely, and directly the plaintiff's claims."*Mmoe v. Commonwealth,* 393 Mass. 617, 620 (1985).

The Appeals Court, in *Epstein v. Liberty Bank & Trust Co.,* 12 Mass.App.Ct. 1000 (1981), in declining to dismiss a complaint that said merely that the plaintiff paid $9,875 more than was due on a mortgage note without further explanation of why, pointed out, "The defendant is not without means to smoke out the nature of the plaintiff's grievance" and suggested a motion for more definite statement pursuant to Rule 12(e).

It is not just the parties to the pleadings that need to know what they are charging and how to respond thereto. The Court may be asked to assess compliance with the pleading of special matters (Rules 9 and 23.1), to address motions to dismiss that rely solely on the pleadings (Rule 12(b)), to grant judgment on the pleadings (Rule 12(c)), to determine what may be a compulsory or permissible counterclaim (Rule 13), to address third-party practice (Rule 14), to determine the real party in interest (Rule 17), to consider the joinder of claims or persons (Rules 18, 19, 20 and 21), to address motions to intervene (Rule 24), and to deal with a whole array of issues under the discovery rules (Rules 26 through 37), any and all of which require at least some rudimentary understanding about what is in issue or what may be relevant or may lead to relevant evidence. In short, it is not just fair notice to the defendant that may be significant; the Court has a need for such notice as well.

Here, the complaint tells the defendant and the Court that there was a contract and that it was breached, as a result of which the plaintiff's claim to have been damaged, and nothing more. Even the most basic details-e.g., when the breach occurred, what the breach consisted of, and how or in what manner the breach occurred-are all left unmentioned. It is not "fair notice" to the defendant or the Court to simply say that there was a contract and it was breached. Rule 8(a) requires more than that, and Rule 12(e) is a proper vehicle by which what is absent may be smoked out.

*ORDER*

For the foregoing reasons, the defendant's motion for a more definite statement is *ALLOWED.*The plaintiffs shall have until July 5, 2002 to comply. Thereafter, the defendant is requested to notify the Court when it files a responsive pleading to the more specific complaint, so that a Rule 16 scheduling conference may be established.

Mass.Super.,2002.
Highway Dept. v. Walsh Const. Co. of Illinois
Not Reported in N.E.2d, 14 Mass.L.Rptr. 608, 2002 WL 1489866 (Mass.Super.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.