# APPENDIX D

# Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1989 WL 19606 (W.D.N.Y.), RICO Bus.Disp.Guide 7208  
(Cite as: Not Reported in F.Supp.)

Page 1

O'Brocta on Behalf of Frank J. O'Brocta Salvage, Inc. v. O'Brocta  
W.D.N.Y.,1989.

United States District Court, W.D. New York.  
Frank J. O'BROCTA and Richard O'Brocta, individually and on Behalf of Frank J. O'Brocta Salvage, Inc., a New York corporation, Plaintiffs,  
v.  
James F. O'BROCTA and Paul J. O'Brocta, Defendants.  
No. CIV-88-527E.

Feb. 24, 1989.

Robert J. Lane, Jr., Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y., for plaintiffs.  
Robert H. Dabey, Fredonia, N.Y., for defendants.

MEMORANDUM and ORDER  
ELFVIN, Senior District Judge.  
*1 This is a shareholders' derivative suit concerning the abovenamed closely-held corporation, Frank J. O'Brocta Salvage, Inc. ("the Corporation"). The plaintiff shareholders are Frank J. O'Brocta, Jr.,[FN1] who owns 25 percent of the Corporation's outstanding shares, and Richard O'Brocta, who owns 12.5 percent of such shares. The defendants are also shareholders in the Corporation. Defendant James O'Brocta and defendant Paul O'Brocta each owns 25 percent of the Corporation's outstanding shares. Both also sit on the Corporation's three-member board of directors, along with plaintiff Frank.

The Complaint asserts eight separate causes of action, the first seven of which involve claims under New York's statutory and common law.[FN2] This Court's jurisdiction is directly invoked solely by the eighth cause of action, alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. See 18 U.S.C. § 1964(a) (RICO jurisdictional grant); 28 U.S.C. § 1331 (federal question jurisdiction). The assertion is that this Court can entertain the other claims by exercising its pendent jurisdiction.

The defendants have moved to dismiss this suit, contending that the second, third, fourth, seventh and eighth causes of action fail to state redressable claims, that the sixth cause of action is time-barred, and that each of the first seven causes of action necessarily fails for lack of subject matter jurisdiction should the eighth cause of action be dismissed. Because this Court agrees that its continued jurisdiction over each of the first seven claims is predicated on the viability of the eighth cause of action alleging RICO violations, that claim will be considered first.

A properly pleaded RICO claim must allege injury resulting from a defendant's commission of two or more acts, constituting a "pattern" of racketeering activity, by which such defendant either invests in, maintains an interest in or participates in an "enterprise" the activities of which affect interstate commerce. 18 U.S.C. § 1962. *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983), cert. denied, 465 U.S. 1025 (1984).

It is not contended that the plaintiffs have not alleged injury to their business or property by reason of RICO violations. *See* Complaint, ¶ 23. There is, however, a dispute whether the necessary predicate acts of racketeering are properly pleaded against each defendant and whether these acts are said to have furthered, as they must have, the defendants' or either defendant's interests in an enterprise.

As predicate acts establishing a pattern of racketeering the Complaint references an indeterminate number of mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343) violations, with the necessary use of interstate communication instrumentalities being alleged upon information and belief. *See* Complaint, at ¶¶ 75-78. The defendants correctly point out at that, as averments of fraud, each of these offenses must generally be stated with particularity pursuant to Fed.R.Civ.P. rule 9(b) and not merely upon information and belief. *Gregoris Motors v. Nissan Motors Corp. in USA*, 630 F.Supp. 902, 912 (E.D.N.Y.1986); *Equitable Life Assur. Soc. v. Alexander Grant & Co.*, 627 F.Supp. 1023, 1029 (S.D.N.Y.1985) (predicate acts for RICO claim must satisfy rule 9(b), which does not permit of allegations

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1989 WL 19606 (W.D.N.Y.), RICO Bus.Disp.Guide 7208
(Cite as: Not Reported in F.Supp.)

upon information and belief); see Segal v. Gordon, 467 F.2d 602, 608 (2d Cir.1972) (non-RICO securities fraud). Rule 9(b) by its terms, however, is only applicable to "the circumstances constituting fraud." It follows that the collateral elements of a given species of fraud may be stated by general allegation. See Wigand v. Flo-tek, Inc., 609 F.2d 1028, 1033 (2d Cir.1980). In such case it was determined that an allegation of federal securities fraud had been sufficiently pleaded despite the complete absence of a necessary assertion as to the use of the mails or other instrumentalities of interstate commerce because the existence of facts satisfying that element was apparent on the record. Ibid. Thus in this Court's view an averment upon information and belief as to the use of an instrumentality of interstate communication for purposes of perpetrating a fraud is satisfactorily set forth where an inference of the same appears inescapable from the nature of the alleged fraud. Such a situation obtains in the instant case. The mail fraud and wire fraud allegations involve the filing of false tax returns and involve dealings with the Corporation's customers, including the taking of orders and the dispatching of invoices. These activities unavoidably implicate usage of a postal or telephonic system of communication, and such fact of contemporary life constitutes the source of the information and the basis for the belief.

*2 The core facts-"circumstances constituting fraud"-must still be pleaded with particularity with respect to at least two of these alleged frauds predicative of the RICO claim. Of the indeterminate number of frauds alleged, the plaintiffs specifically identify only three-i.e., the filing of fraudulent tax returns for the Corporation for each of the years 1976, 1977 and 1978 (by use of the mail under information and belief). See Complaint, ¶¶ 17-26, 71 (incorporating the tax fraud into the RICO claim by reference). James is alleged to have been convicted of three counts of tax fraud, see 26 U.S.C. § 7206, in connection with the aforesaid tax returns in the Western District of Pennsylvania in 1983, and the United States Court of Appeals for the Third Circuit is said to have affirmed such convictions. Id., ¶ 24. As to him, then, the RICO claim is particularly pleaded with sufficient particularity to satisfy rule 9(b).[FN3]

The Complaint does not implicate Paul in these three frauds, however, but merely charges him with an awareness and nondisclosure of the same in breach of his fiduciary duty to the plaintiff shareholders. Id., ¶ 47. Because no activity constituting a pattern of racketeering activity has been particularly alleged against Paul, the eighth cause of action fails as to him,[FN4] and therefore the remainder of the Complaint will also be dismissed with respect to Paul for lack of subject matter jurisdiction.[FN5]

The next question is whether James's activities, in filing fraudulent tax returns for the Corporation for the years 1976-1978, operated to "maintain" his interest in and were committed while conducting the affairs of the Corporation.[FN6] See 18 U.S.C. §§ 1962(b) & 1962(c). It is clear that James filed the Corporation's tax returns as its Treasurer, and the Complaint is sufficient to support a reasonable conclusion that the falsification of such returns operated to conceal James's alleged conversion of corporate funds and thereby to maintain his good standing as an officer and director of the Corporation. See Complaint, ¶ 18. James argues, however, that the Corporation's status as a "victim" (it is a nominal plaintiff) precludes its being an enterprise for purposes of a RICO claim because, he says, the enterprise itself must be criminal. Letter of Robert H. Daley, Esq. addressed to this Court, dated September 27, 1988. Such contention is not tenable. United States v. Biaggi, 675 F.Supp. 790, 798 (S.D.N.Y.1987). The RICO statute is plainly applicable to, and was intended to prevent, racketeering which victimizes an enterprise which is engaged in a legitimate business. Ibid. All that need be alleged is that James's position in the Corporation enabled him to commit the predicate offenses and that such offenses were related to the Corporation's activities. United States v. Scotto, 641 F.2d 47, 54 (2d Cir.1980), cert. denied, 452 U.S. 961 (1981). This has been done. While at least one court has imposed the additional requirement that some third party, in addition to the enterprise, have been victimized by a defendant's activities-see Anton Motors, Inc. v. Powers, 644 F.Supp. 299, 301-02 (D.Md.1986)-, James's tax fraud also victimized the government.

*3 Inasmuch as the plaintiffs have thus stated a cause of action for violation of the RICO statute against James, this Court will proceed to consider each of the remaining claims against him.

James has not directly challenged the first and fifth causes of action. Accordingly, because this Court has adjudged the federal RICO claim to be pleaded properly, the first and fifth claims also survive the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1989 WL 19606 (W.D.N.Y.), RICO Bus.Disp.Guide 7208
**(Cite as: Not Reported in F.Supp.)**

Page 3

motion to dismiss by virtue of this Court's pendent jurisdiction.

The second and third causes of action charge James with breaching his fiduciary duty to the plaintiffs and with conversion of the Corporation's funds. Complaint, ¶¶ 45-46, 48-50. He contests each of them for its failure to state a claim. In this Court's view, however, they comply with the requirement of short and plain statements of the claims such as to place James on notice. See Fed.R.Civ.P. rule 8(a)(2). Contrary to his assertion, specificity as to time and place are not required by rule 9(f). 2A Moore's Federal Practice, ¶ 9.07. Further, James's refusal to allow the plaintiff shareholders access to the Corporation's books-an allegation which has not been denied and which this Court must accept as true for purposes of the instant motion-*Scheuer v. Rhodes,* 416 U.S. 232, 236 (1973)-absolves the plaintiffs from satisfying the applicable statutes of limitation. *See* footnote 3 herein. Due diligence on their parts would not have uncovered the injuries incurred as a result of James's activities, and he in any event should not be allowed to profit from his misconduct through or because of his having denied access to the Corporation's books.

James, with respect to the fourth cause of action for fraud, re-recites the requirement of rule 9(b) that fraud be particularly pleaded, and he asserts that the plaintiffs have not met that standard as it has been developed in the case law. The plaintiffs counter that rule 9(b) is applicable only to affirmative misrepresentations and not to the fraudulent concealment of deceitful misconduct. Each side cites *Von Bulow by Auersperg v. Von Bulow,* 634 F.Supp. 1284 (S.D.N.Y.1986), in support of its contention, and this Court's analysis accordingly will begin by interpreting the teachings of such decision. The rule therein expounded is that "a claim for fraudulent concealment is not exempt from 9(b)" and that "[i]t is enough under 9(b) for the complaint to allege those facts which were not disclosed." *Id.* at 1303. The decision further points out that the purpose of rule 9(b) is to apprise a defendant "with reasonable detail concerning the nature of his particular involvement in the alleged fraud." *Id.,* at 1302. The operative term is "reasonable" and the decision makes plain that the degree of particularity necessitated will vary with the circumstances of a given case. The upshot is that rule 9(b) should be harmonized with the policy of simple notice pleading embodied in rule 8(a)(2). *Bale v. Dean Witter Reynolds, Inc.,* 627 F.Supp. 650, 652 (D.Minn.1986); *Pierce v. Apple Valley, Inc.,* 597 F.Supp. 1480, 1493 (S.D.Ohio 1984). In the instant case, the plaintiffs allege numerous fraudulent acts of diversion of corporate funds occurring over a period of years while James was in control of the Corporation's books and records, the contents of which he refused (as already noted) to disclose to the plaintiffs although owing a fiduciary duty to do so. Under such a scenario, which must be believed for purposes of this Order (*Scheuer v. Rhodes, supra,* at 236), it is not necessary that the plaintiffs have set forth the time and place of each of James's fraudulent acts. *See Pierce v. Apple Valley, Inc., supra,* at 1492-1493. The fourth cause of action is thus sufficient as pleaded.

*4 The sixth cause of action is alleged on behalf of only Frank and claims tortious interference with a contract he claims to have had with the Corporation. Complaint, ¶¶ 63-66. James attacks the claim as insufficiently pleaded because it fails to allege the date of such interference and thereby prevents the interposition of a statute of limitations defense. *Compare* Motion to Dismiss, at 1, *with* Defendants' Memorandums.[FN7] The allegation of tortious interference with such contract is that James caused the Corporation to breach its agreement to reimburse attorney's fees to Frank in connection with an individual deficiency assessment settlement with the Internal Revenue Service ("the IRS") on March 24, 1986. Complaint, ¶¶ 64, 21. The relevant terms and circumstances of the reimbursement agreement are not alleged, including the date it was entered into, the period for its performance, and the date and manner of breach. Obviously the agreement must have been entered into sometime after April 1983, when the IRS noticed the deficiencies, and plainly any breach of the agreement must have occurred sometime after such undisclosed date. This action, having been filed May 20, 1988, thus possibly post-dates such breach by up to some five years. Depending on whether a three-year limitation for personal injury actions or a six-year limitation for contract actions is appropriate for an action for tortious interference with a contract, Frank's claim may or may not be time-barred.[FN8] This Court is hesitant to pronounce needlessly upon the "beguiling" question of New York's law regarding the "uncomfortable" interplay of tort and contract limitation periods. It is noted that New York's Court of Appeals appears to favor the six-year statute of limitations for contract actions in doubtful cases-*See Video Corp. v. Frederick Flatto Associates, Inc.,* 58 N.Y.2d 1026, 462 N.Y.S.2d 439, 448 N.E.2d 1350

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1989 WL 19606 (W.D.N.Y.), RICO Bus.Disp.Guide 7208
(Cite as: Not Reported in F.Supp.)

Page 4

(1983) (contract limitation applicable to breach of duty of due care in performance of contract where property recovery sought); *Sears Roebuck & Co. v. Enco. Assoc., Inc.*, 43 N.Y.2d 389, 401 N.Y.S.2d 767, 372 N.E.2d 555 (1977)-a trend which if followed here would mean that Frank's sixth cause of action is timely under any possible set of facts. But rather than decide a doubtful but important state law issue on uncertain facts, this Court finds it more prudent to dismiss the plaintiffs' sixth cause of action without prejudice to the filing of an amended pleading [FN9] specifying additional facts enabling James to interpose a statute of limitations defense if appropriate and to apprise this Court of the necessity of its addressing the state law limitations issue.

The seventh cause of action is for the removal of James as a director of the Corporation pursuant to section 706(d) of New York's Business Corporation Law. Complaint, ¶¶ 67-70. The basis for the claim is all of the alleged misconduct on the part of James which is detailed in the other causes of action and incorporated by reference. *Id.*, ¶ 67. Inasmuch as certain of said misconduct has been properly pleaded and any single act of misconduct may provide a basis for removal, the seventh cause of action is deemed to have been pleaded adequately.

*5 Accordingly, it is hereby ORDERED that the Complaint is dismissed with prejudice in its entirety as to defendant Paul O'Brocta and that the motion to dismiss as it relates to defendant James O'Brocta is denied as to all causes of action except the sixth cause of action, which is dismissed without prejudice.

FN1. Unless and until advised to the contrary, this Court will assume that the named plaintiff Frank J. O'Brocta and Frank J. O'Brocta, Jr. are one and the same person. Also, the parties will be referred to herein by their respective given names.

FN2. The first seven causes of action are respectively for (1) accounting and damages pursuant to section 720 of New York's Business Corporation Law, (2) breach of fiduciary duty, (3) conversion, (4) fraud, (5) diversion of corporate opportunity, (6) tortious interference with contract, and (7) removal of the defendants as directors pursuant to section 706(d) of said law. *See* Complaint at 12-18.

FN3. This claim is not time-barred. Although New York's six-year statute of limitations for common law fraud (section 213 of New York's Civil Practice Law and Rules) governs and has ostensibly run with respect to conduct occurring in the 1970's, the cause of action did not accrue until it had been discovered or should have been discovered. *See Kirschner v. Cable/Tel. Corp.*, 576 F.Supp. 234, 241 (E.D.Pa.1983). The plaintiffs were purportedly "refused" access to the Corporation's books and hence the filing of false tax returns wasn't discoverable by them until an Internal Revenue Service investigation had resulted in notices of deficiency in 1983. Complaint, ¶¶ 19-20. Under such circumstances, the plaintiffs' RICO claim is timely.

FN4. This Court is aware that, in view of its further discussion of rule 9(b), herein at p. 8 a relaxation of the particularity rule might conceivably be allowed with respect to the indeterminate predicate frauds cited for purposes of stating a RICO claim against Paul. Nonetheless the Complaint makes no clear implication that Paul affirmatively committed, assisted in or conspired to perpetrate any such predicate fraudulent activity. This Court thus fails to comprehend how even the most liberal interpretation of the RICO cause of action would vivify a claim against Paul.

FN5. Inasmuch as the entire action will be dismissed as against Paul, henceforth the defendants' position will be described as that of James only.

FN6. A corporation may be an "enterprise." 18 U.S.C. § 1961(4).

FN7. The parties' memorandums also discuss other aspects of the pleading of the sixth cause of action, but this Court limits its attention to those arguments directed to issues invoked by the motion itself.

FN8. There seemingly is no issue as to due diligence with respect to this claim inasmuch as Frank presumably knew when

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  Page 5
Not Reported in F.Supp., 1989 WL 19606 (W.D.N.Y.), RICO Bus.Disp.Guide 7208
**(Cite as: Not Reported in F.Supp.)**

the time for performance on the agreement had passed or knew when the obligation to perform had been anticipatorily repudiated.

FN9. Such amended pleading must, of course, restate all that the plaintiffs wish to place before this Court. Any of the Complaint which is omitted from such amended pleading will be out of this case.

W.D.N.Y.,1989.
O'Brocta on Behalf of Frank J. O'Brocta Salvage, Inc. v. O'Brocta
Not Reported in F.Supp., 1989 WL 19606 (W.D.N.Y.), RICO Bus.Disp.Guide 7208

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.