# APPENDIX E

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2005 WL 100849 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

**H**Onebeacon Ins. Co. v. Forman Intern., Ltd.
S.D.N.Y.,2005.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
ONEBEACON INSURANCE COMPANY, Plaintiff,
v.
FORMAN INTERNATIONAL, LTD., Forman International, LLC, and Wayne Forman, Defendants.
No. 04 Civ.2271 RWS.

Jan. 19, 2005.

Cozen O'Connor, New York, NY, By: Douglas B. Fox, Cozen O'Connor, Philadelphia, PA, By: Georgia S. Foerstner, Lisa Calvo Haas, for Plaintiff, of counsel.
Piper Rudnick, New York, NY, By: Douglas A. Rappaport, Joshua S. Sohn, for Defendants, of Counsel.

*OPINION*
SWEET, J.
*1 Defendants Forman International, Ltd. ("Forman International"), Forman International, LLC ("Forman LLC") and Wayne Forman ("Forman") (collectively the "Defendants") have moved under Rule 12(b)(6), Fed.R.Civ.P., to dismiss Counts I, II, III and VI of the complaint of plaintiff OneBeacon Insurance Company ("OneBeacon" or the "Plaintiff"). For the reasons set forth below, the motion is granted, and leave is granted to OneBeacon to replead.

*Prior Proceedings*

This action was filed by OneBeacon on March 22, 2004. The complaint alleged six causes of action: negligence (Count I), breach of contract (Count II), breach of fiduciary duty (Count III), common law indemnification (Count IV), contractual indemnification (Count V), and contribution (Count VI).

The instant motion to dismiss Counts I, II, III, and VI was heard and marked fully submitted on September 8, 2004.

*The Parties*

OneBeacon is a Pennsylvania corporation with its principal place of business in Boston, Massachusetts, and it is authorized to issue insurance policies in New York.

Forman International and Forman LLC are New York corporations with their principal places of business in Great Neck, New York, and they are insurance agencies or brokerage firms. Forman is president and managing director of Forman International, and he is a principal of Forman LLC.

*The Complaint*

OneBeacon's complaint alleged that it is an insurer authorized to issue insurance policies in New York, and that it issued an insurance policy to its insured, Century 21, Inc. ("Century 21"), which policy covered Century 21 for property damage and lost business income at its retail locations, including 22 Cortlandt Street in New York City, adjacent to the World Trade Center site. (Compl.¶¶ 1, 9, 15.) Following the September 11, 2001 destruction of the World Trade Center, Century 21 made a claim to OneBeacon for insurance benefits. (Compl.¶¶ 9, 23-25.) It is the payment of the Century 21 claim that gives rise to this litigation.

In 1999 and continuing thereafter, the Defendants agreed to solicit and negotiate policies of insurance written by OneBeacon and its member and predecessor companies "pursuant to written and/or oral agreements" collectively referred to in the complaint as "the Contract." (Compl.¶ 7.) OneBeacon negotiated the terms of the proposed insurance policy with Century 21, with Forman "acting on behalf of OneBeacon pursuant to the Contract" and Stephen Gerber, an insurance consultant, acting on behalf of Century 21. (Compl.¶ 11.) Gerber requested that Century 21's insurance policy contain certain business interruption coverage. In particular, Gerber requested policy language that a covered business interruption claim would be "computed from date of occurrence of such loss or damage until such time as the described property could with the exercise of due diligence and dispatch, be restored new to the same normal operating sales

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 100849 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 2

condition...." (Compl.¶¶ 12-13.)

*2 This requested policy language was unacceptable to OneBeacon, and OneBeacon advised Forman that it would not agree to incorporate such language into OneBeacon's policy. (Compl.¶ 14.) Subsequently, on or about August 20, 1999, a policy was issued by OneBeacon to Century 21. The policy, as issued, did not contain the business interruption policy language requested by Gerber (Compl.¶¶ 15-20), and Forman "knew or reasonably should have known that OneBeacon did not and would not have agreed to such language."(Compl.¶¶ 15, 21.) Notwithstanding this knowledge, Forman "intentionally, negligently, recklessly and/or without authority from OneBeacon, represented to Gerber, Century 21, and/or their agents that the policy was amended or would be amended to incorporate" the business interruption language previously requested by Gerber, but rejected by OneBeacon. (Compl. ¶¶ 20-21 .) OneBeacon has alleged that Forman was "not authorized by OneBeacon to amend the policy to include the language" proposed by Gerber, and that Forman's "representations to Century 21 and/or its agents exceeded Forman's authority as a broker and/or agent for OneBeacon."(Compl.¶ 22.) Forman's allegedly wrongful conduct both before and after September 11, 2001 is at issue in this case. (Compl.¶¶ 20-22, 25, 33.)

Following the destruction of the World Trade Center, Century 21 submitted a claim for business interruption based on the period of interruption language proposed by Gerber and rejected by OneBeacon. (Compl.¶ 25.) Century 21 did so because it believed that Forman, as an agent of OneBeacon, agreed to amend the policy to include Gerber's proposed language. (Compl.¶ 28-30.) This claim, as calculated by Century 21, greatly exceeded a claim calculated under the period of interruption provisions set forth in the policy as actually issued. (Compl.¶ 26.) Because Century 21, Gerber, and Forman maintained that Forman, as the agent of and acting on behalf of OneBeacon, had bound insurance coverage or agreed to amend coverage based upon the language originally requested by Gerber, Century 21 argued following the September 11 attack that it was entitled to have the policy reformed to include the proposed language. (Compl.¶ 28.)

OneBeacon honored Century 21's claim and negotiated a resolution with Century 21 pursuant to which OneBeacon made payments to Century 21 for business interruption in excess of $75 million because Century 21 and Gerber believed Forman to be an agent of OneBeacon with authority to bind the company, and because OneBeacon took the position that Century 21, an innocent victim of the World Trade Center attack, should not have been prejudiced in recovering insurance benefits that it reasonably believed, based on Forman's misrepresentations, it was entitled to receive. (Compl.¶ 29.) Thus, OneBeacon alleges that Forman is liable to it "for the additional amounts OneBeacon was required to pay to Century 21 solely as a result of the improper and unauthorized misrepresentations, acts and/or omissions" of Forman, in the approximate amount of $40 million, the difference between the amount paid to Century 21 and the amount OneBeacon calculated under the policy it issued. (Com pl.¶¶ 29-30.)

*Discussion*

*3 Jurisdiction in this case is based on the diversity of the parties. *See* 28 U.S.C. § 1332.

*The Applicable Standard*

The standard for review of a defendant's motion to dismiss under Rule 12(b)(6) is well settled. Dismissal is appropriate only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Harris v. City of New York,* 186 F.3d 243, 250 (2d Cir.1999) (quoting *Bolt Elec., Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995)). On a motion to dismiss under Rule 12(b)(6), the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the pleader's favor, and views the complaint in the light most favorable to the non-moving party. *Gryl ex rel. Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC,* 298 F.3d 136, 140 (2d Cir.2002), *cert.denied,* 537 U.S. 1191 (2003).

*The Existence Of Any Duty Of Forman To OneBeacon Depends Upon The Facts*

Defendants argue that Counts I and III of the complaint must be dismissed because the defendants did not owe a duty to plaintiff. It is axiomatic that the absence of a duty is fatal to a negligence or fiduciary duty claim.*Pulka v. Edelman,* 40 N.Y.2d 781, 782, 390 N.Y.S.2d 393, 394, 358 N.E.2d 1019, 1020 (1976) (stating that "before a defendant may be held

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 100849 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

liable for negligence, it must be shown that the defendant owes a duty to the plaintiff); *Nasso v. Seagal,* 263 F.Supp.2d 596, 617 (E.D.N.Y.2003) (stating that in order to plead a fiduciary duty claim, the plaintiff must allege that defendant owed a fiduciary duty to the plaintiff).

The complaint alleges a relationship between the parties arising out of "written and/or oral agreements ('Contract')." (Compl.¶ 7.) One such agreement is the CGU Broker Agreement, which was executed on January 1, 1999 between CGU, a predecessor of OneBeacon, and Forman International. (*See* Rappaport Aff. Ex. 2.) Neither the CGU Broker Agreement nor any other such "written and/or oral agreements" are identified in the complaint.

Defendants argue that they owe no duty to OneBeacon because an insurance broker securing coverage for an insured "act[s] as [an agent] on behalf of an insured and not the insurer."*Evvtex Co. v. Hartley Cooper Assocs., Ltd.,* 911 F.Supp. 732, 738 (S.D.N.Y.1996) (finding broker owed duties to insured, not the insurer), *aff'd,*102 F.3d 1327 (2d Cir.1996); *seealsoHoward Fuel v. Lloyd's Underwriters,* 588 F.Supp. 1103, 1108 (S.D.N.Y.1984) (stating that "an insurance broker is an agent of the insured, not the insurance company"); *Ribacoff v. Chubb Group of Ins. Cos.,* 2 A.D.3d 153, 154, 770 N.Y.S.2d 1, 2 (1st Dep't 2003) (stating that an "insurance broker is an agent of the insured"); *2540 Assocs., Inc. v. Assicurazioni Generali, S.P.A.,* 271 A.D.2d 282, 284, 707 N.Y.S.2d 59, 61 (1st Dep't 2000) (stating that "[i]t is settled that an insurance broker is the agent of the insured"); *Meade v. Finger Lakes-Seneca Coop. Ins. Co.,* 184 A.D.2d 952, 953, 584 N.Y.S.2d 937, 938 (3d Dep't 1992) (same).

*4 OneBeacon argues that the mere fact that Defendants are characterized as "insurance agents" or "brokers" is not dispositive of the agency issue. Rather, the facts and circumstances of the parties' relationship determines whether an agent/principal relationship existed. *See,e.g.,Augustin v. Gilot,* 152 Misc.2d 666, 671, 578 N.Y.S.2d 348, 351-52 (Kings Cty. Civ.Ct.1991) (stating that the labels "broker" and "agent" are not conclusive of the nature of the relationship), *rev'd on other grounds,*158 Misc.2d 627, 606 N.Y.S.2d 514 (2d Dep't 1993). According to OneBeacon, "[w]hether an insurance broker represents the insurer or the insured is not controlled by a statutory definition, but rather depends upon the circumstances of the particular case."*Price v. Lawrence-Van Voast, Inc.,* 58 A.D.2d 727, 727 396 N.Y.S.2d 296, 297 (3d Dep't 1977). Ultimately, the alleged acts of the defendant and not the label are determinative of potential liability. *See,e.g.,Rendeiro v. State-Wide Insurance Co.,* 8 A.D.3d 253, 777 N.Y.S.2d 323, 324 (2d Dep't 2004) (stating that "a broker will be held to have acted as the insurer's agent where there is some evidence of action on the insurer's part, or facts from which a general authority to represent the insurer may be inferred"); *In Re New England Marine Services,* 174 B.R. 391, 399 (E.D.N.Y.1994) (stating that "under certain special circumstances, a broker may act as an agent for both the insured and the insurance company"); *Augustin,* 152 Misc.2d at 671, 578 N.Y.S.2d at 351;*Hobbs Brook Agency, Inc. v. North River Ins. Co.,* 7 Mass.App.Ct. 885, 886, 386 N.E.2d 1315, 1317 (Mass.App.Ct.1979) (applying New York law) (stating that a basis existed for concluding that an insurance broker was the agent of the insurance company where an insurance agent secured a policy change on an insuree's behalf within a day of the insuree's request); *Couch on Insurance 3d* (West 1997) § 45.4 at 45-9 (stating that "whether a person acts as a broker or agent is not determined by what he or she is called but is to be determined from what he or she does").

OneBeacon has cited *Foisy v. Royal Maccabees Life Ins. Co.,* 356 F.3d 141, 151 (1st Cir.2004),[FN1] in which the court found that there was sufficient evidence to support the jury's finding that a licensed insurance broker was the insurer's agent. According to the *Foisy* court, the fact that the individual at issue, by profession, was an "insurance broker" was not determinative of the agency issue. *Id.* at 150. The court recognized that "the title of broker or agent will not always identify the principal. An individual may be considered a broker in the general sense, for example, but nevertheless with respect to a specific transaction be the agent of the insurer."*Id.*

> FN1. The parties agree that the CGU Broker Agreement contains a choice of law provision designating Massachusetts law as the law governing disputes relating to the Agreement. In this regard, it is significant to note that Massachusetts, like New York, has moved away from the artificial distinction between insurance "brokers" and "agents" and, like New York, now calls such professionals "insurance producers." Mass. Gen. L. ch. 175 § 162H.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 4
Not Reported in F.Supp.2d, 2005 WL 100849 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

The *Foisy* court further explained that "[w]hen evaluating the role of an individual who assumes the characteristics of both agent and broker, we must 'look to the agent's conduct in the relevant transaction to determine the nature of the various relationships.' " *Id.* (quoting *Am. Country Ins. Co. v. Bernard Woodwork, Ltd.*, 412 Mass. 734, 740, 592 N.E.2d 1319, 1323 (1992)).

*5 According to OneBeacon, the complaint specifically alleges that Forman acted as OneBeacon's "agent" by virtue of "written and/or oral agreements." This allegation is sufficient at the pleadings state to allege that the Defendants were OneBeacon's agents.

*The Complaint Is Dismissed For Failure To Properly Allege Breach of Any Duty Or Contractual Obligation*

OneBeacon argues that a principal may recover from its agent for damages caused by the agent's negligence, misuse of authority, breach of fiduciary duty, and/or breach of contract. *See,e.g.,Nationwide Life Ins. Co. v. Hearst/ABC Video Entertainment Services,* No. 93 Civ. 2680(RPP), 1998 U.S. Dist. LEXIS 6380 at *18 (S.D.N.Y. May 6, 1998) (stating that an agent may be liable to the principal for losses suffered by the principal caused by the agent's breach of its agency duties); *Evvtex,* 911 F.Supp. at 738. This authority not withstanding, OneBeacon has failed to properly allege that Defendants committed any breach sounding in negligence, fiduciary duty, or contract.

A. *The Tort Claims*

With respect to plaintiff's causes of action based on negligence [FN2] and breach of fiduciary duty,[FN3] the complaint merely alleges in general and conclusory fashion that Forman owed duties to OneBeacon to exercise due care and skill while soliciting and negotiating insurance policies on OneBeacon's behalf. (Compl.¶¶ 31-34, 41.) OneBeacon further alleges that as a result of Forman's breach of these duties, OneBeacon was "obligated to make payments to Century 21."(Compl.¶ 34.) Such conclusory allegations are inadequate to state a claim upon which relief can be granted. *See,e.g.,De Jesus v. Sears, Roebuck & Co., Inc.,* 87 F.3d 65, 70 (2d Cir.1996) (stating that " '[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)' ") (quoting *Palda v. General Dynamics Corp.,* 47 F.3d 872, 875 (7th Cir.1995)).

> FN2. Under New York law, in order to state a claim for negligence, a plaintiff must allege: (1) the existence of a duty; (2) a breach of that duty; (3) which proximately caused; (4) plaintiff's damages. *See,e.g.,Becker v. Schwartz,* 46 N.Y.2d 401, 410, 413 N .Y.S.2d 895, 899, 386 N.E.2d 807, 811 (1978) (affirming dismissal of negligence claim); *McCarthy v. Olin Corp.,* 119 F.3d 148, 156 (2d Cir.1997) (same).

> FN3. Under New York law, the elements of fiduciary duty claim are (1) the existence of a fiduciary relationship and (2) breach of fiduciary duty. *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman,* 277 B.R. 20, 37 (S.D.N.Y.2002). A fiduciary relationship may be found "when one [person] is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation."*Flickinger v. Harold C. Brown & Co.,* 947 F.2d 595, 599 (2d Cir.1991).

It is well established that under New York law, contribution is only available for tort-based claims. *See*N.Y. C.P.L.R. § 1401; *PPI Enterprises (U.S.), Inc. v. Del Monte Foods Co.,* No. 99 Civ. 3794(BSJ), 2003 WL 22118977 at *31 (S.D.N.Y. Sept. 11, 2003). Since OneBeacon's tort-based claims have been dismissed, its contribution claim (Count VI of the complaint) must also be dismissed.

B. *The Contract Claim*

With respect to the breach of contract cause of action, OneBeacon argues that its complaint satisfies Rule 8(a), Fed.R.Civ.P., which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."In the alternative, OneBeacon seeks an opportunity to amend the complaint to plead with further specificity the facts upon which its claim is based.

Under Massachusetts law, which governs the CGU Broker Agreement, the elements of a breach of contract claim are as follows: (1) that the parties had

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d								Page 5
Not Reported in F.Supp.2d, 2005 WL 100849 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

an agreement supported by valid consideration; (2) that plaintiffs were ready, willing and able to perform; (3) that defendant's breach has prevented them from performing; and (4) that plaintiffs were damaged. See,e.g., Doyle v. Hasbro, Inc., 103 F.3d 186, 194 (1st Cir.1996); Petricca v. Simpson, 862 F.Supp. 13, 17 (D.Mass.1994) (same).

*6 Under Rule 8(a), Fed.R.Civ.P., a defendant is entitled to notice of the claims against him. SeeSwierkiewicz v. Sorema N .A., 534 U.S. 506, 512 (2002). Pursuant to this notice requirement, courts have held that a breach of contract claim cannot be stated merely by alleging "there was a contract and it was breached."Mass. Highway Dep't v. Walsh Constr. Co. of Ill., 2002 WL 1489866 at *2 (Mass.Super. Ct. June 18, 2002); seealsoRiley v. Green, 2002 WL 31680260, at *2 (Mass.Super.Ct. Nov. 5, 2002) (stating that " '[i]t is not fair notice to the defendant or the Court to simply say there was a contract and it was breached." ') (quoting id.). Rather, in order to give a defendant notice of a breach of contract claim, a plaintiff must properly allege the basic details of the claim-i.e., "when the breach occurred, what the breach consisted of, and how or in what manner the breach occurred." Id.;seealsoDoyle, 103 F.3d at 195 (stating that in order to state a claim for breach of contract, a plaintiff must specify what contractual provision the defendant has allegedly breached).[FN4]

> FN4. This pleading requirement is particularly important in the present action, where breach of contract claims are pressed against all defendants despite the fact that the CGU Broker Agreement was signed only by Forman International.

Here, the complaint alleges only that the Defendants owed a "statutory and contractual duty" to OneBeacon (Compl.¶ 32), that this duty arose out of the parties' relationship pursuant to written and/or oral agreements (Compl.¶ 7), and that the defendants "violated written and/or oral underwriting standards and guidelines."(Compl.¶ 32(i)). These conclusory allegations do not satisfy the Rule 8(a) pleading requirements. Since OneBeacon has failed to properly allege that any of the defendants breached a contractual provision, Count II of the complaint is dismissed.

Furthermore, OneBeacon has not established any basis for holding Wayne Forman personally liable for the alleged conduct of Forman LLC or Forman International. It is well established that a complaint is subject to dismissal with respect to an individual defendant where no single act is alleged to have been committed by that individual. See,e.g.,Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 907 (1st Cir.1980) (affirming dismissal against individuals for failure to allege personal actions). Here, OneBeacon has failed to allege any individual conduct on the part of Wayne Forman.

*Conclusion*

For the foregoing reasons, the motion of the Defendants to dismiss Counts I, II, III, and VI of the Complaint is granted.

OneBeacon is granted leave to amend its complaint within twenty (20) days of the date hereof or within such other period as the parties agree or the court directs.

It is so ordered.

S.D.N.Y.,2005.
Onebeacon Ins. Co. v.Forman Intern., Ltd.
Not Reported in F.Supp.2d, 2005 WL 100849 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.