# APPENDIX F

# Westlaw.

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 21396690 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

**H** Sony Financial Services, LLC v. Multi Video Group, Ltd.
S.D.N.Y.,2003.
Only the Westlaw citation is currently available.
    United States District Court,S.D. New York.
   SONY FINANCIAL SERVICES, LLC, Plaintiff,
                         v.
   MULTI VIDEO GROUP, LTD., et al., Defendants.
               No. 03 Civ.1730 LAK.

                   June 17, 2003.

Manufacturer brought diversity action against customers alleging breach of contract. Customers counterclaimed alleging breach of contract, fraud, and deceit. On manufacturer's motion to dismiss counterclaims, the District Court, Kaplan, J., held that: (1) customers failed to state fraud counterclaim against manufacturer, and (2) customers failed to state counterclaim against manufacturer for breach of contract.

Motion granted.
West Headnotes

[1] Federal Civil Procedure 170A  636

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(A) Pleadings in General
            170Ak633 Certainty, Definiteness and Particularity
                170Ak636 k. Fraud, Mistake and Condition of Mind. Most Cited Cases
Customers failed to state fraud counterclaim against manufacturer under New York law, in lawsuit over agreement to buy or lease equipment from manufacturer, for failure to allege time, place, or speaker who was said to have made representations relied upon, and counterclaim did not adequately allege facts that would have given rise to strong inference of fraudulent intent. Fed.Rules Civ.Proc.Rule 9(b), 28 U.S.C.A.

[2] Contracts 95  332(2)

95 Contracts
    95VI Actions for Breach
        95k331 Pleading
            95k332 Declaration, Complaint, or Petition in General
                95k332(2) k. Sufficiency of Statement of Cause of Action in General. Most Cited Cases
Customers failed to state counterclaim against manufacturer for breach of contract under New York law, since customers did not allege terms of agreement, nature of alleged breaches, or that they actually performed their obligations under the contract. Fed.Rules Civ.Proc.Rule 8(a)(2), 28 U.S.C.A.

                     ORDER
KAPLAN, J.
*1 Plaintiff Sony Financial Services, LLC ("Sony Financial") brought this action against Multi Video Group, Ltd. ("MVG"), Rhinoceros Visual Effects & Design, LLC ("Rhinoceros") and another defendant for breach of contract. MVG and Rhinoceros interposed a counterclaim against Sony Financial and Sony Electronics, Inc. ("Sony"), the first for fraud and deceit. All three defendants assert a counterclaim solely against Sony for breach of contract. Sony and Sony Financial move for judgment on the pleadings dismissing the counterclaims.

              *The Fraud Claim*

              *1. The Pleading*

The fraud counterclaim alleges that Sony, in or about August 1999, induced MVG to enter into a test site agreement referred to as the Beta Test Site Agreement by representing that
a. The price to MVG for certain equipment would be below the intended price to future customers once the equipment was ready for sale to the market.
b. Sony would develop the equipment with MVG for their mutual benefit by enabling MVG to use the equipment while Sony tested, debugged and improved to the point at which the equipment would be ready for the market.
c. Sony would advertise the availability of the equipment at MVG's facilities.
d. Sony had the available technical knowhow and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09711-GBD-HBP     Document 6-8     Filed 12/13/2007     Page 3 of 4

Not Reported in F.Supp.2d                                                                                     Page 2
Not Reported in F.Supp.2d, 2003 WL 21396690 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

support so that MVG would have immediately available to it whatever was needed to keep the equipment in working order, thus permitting defendants to enter into contracts with their own customers for projects requiring the use of the equipment. (Ans & counterclaims ¶¶ 46i-46iv.

In reliance on these representations, MVG entered into the Beta Test Site Agreement and, in that connection, entered into Equipment Schedule # 2, the Telecine Suite Lease, the Master Lease, and the HD Edit Room Lease. *Id.* ¶¶ 46v-46vi, 47. Further, all defendants allegedly "were obliged to enter into various written obligations running to the benefit of ... Sony Financial including the Master Lease Agreement # 580544, Equipment Schedule # 608740 ..., the additional lease obligations relating to the HD Edit Room, Equipment Schedule # 2 ..., [and] the 'Guarantys'..."*Id.* ¶ 48.

The first counterclaim then goes on to allege that MVG and Rhinoceros "soon discovered that the representations ... on the part of Sony made, upon information and belief in concert with Sony Financial, ... were false and known to be false at the time they were made in that:"
1. Sony knew that it lacked the skill, knowledge, facilities, and capability to provide adequate technical support and service and that it had failed to perform such services in other recent transactions involving other unspecified purchasers.
2. Sony's purpose was primarily to benefit itself and not, as it claim, to benefit both Sony and MVG. *Id.* ¶ 51.

*2. Discussion*

Fed.R.Civ.P. 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake ... be stated with particularity."In order to satisfy this requirement, "a plaintiff should specify the time, place, speaker, and content of the alleged misrepresentations."*Luce v. Edelstein,* 802 F.2d 49, 54 (2d Cir.1986). Further, the pleading must assert facts from which a strong inference of fraud may be drawn. *E.g., Chill v. General Electric Co.,* 101 F.3d 263, 267 (2d Cir.1996); *San Leandro Emergency Medical Group Profit Sharing Plan v. Philip Morris Cos.,* 75 F.3d 801, 812 (2d Cir.1996); *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124,1128 (2d Cir.1994)."A strong inference of fraudulent intent is made out 'either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." ' *First Capital Asset Mgmt., Inc. v. Brickelbush,* 50 F.Supp.2d 624, 632 (S.D.N.Y.2001) (quoting *Hallwood Realty Partners v. Gotham Partners, L.P.,* 95 F.Supp.2d 169, 174 (S.D.N.Y.2000) (in turn quoting *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994)).

*2[1] Here, the first counterclaim does not allege the time, place or speaker who is said to have made the representations relied upon. Nor does it adequately allege facts giving rise to a strong inference of fraudulent intent. This, after all, appears on its face to be a garden variety commercial dispute in which defendants agreed to buy or lease equipment from Sony under a beta site agreement and Sony then failed to live up to defendants' expectations. In the ordinary run of such situations, there is no fraud - there is a mismatch of expectations, a failure of performance which may be a breach of contract, or both. To be sure, a seller or lessor may commit fraud in such a situation by inducing the customer to enter into the relationship by promising that which the seller or lessor knows it cannot deliver, and that does seem to be the theory of the fraud counterclaim. But defendants thus far have not alleged enough facts to support their bald assertions here. They have not, for example, alleged precisely what was told to them on what occasions nor any sufficient basis for inferring that the speaker knew that what was said was false. Accordingly, the fraud claim will be dismissed.

*The Contract Claim*

[2] The second counterclaim, which is brought on behalf of all three defendants against Sony alone, alleges that Sony was "in breach of the contract and agreement, known by the parties as the 'Beta Site Test Agreement." Ans and counterclaims ¶ 55. The second counterclaim, however, does not allege the terms of that agreement or the respects in which Sony allegedly breached it.[FN1]

> FN1. Although it realleges the allegations of the first counterclaim, the first counterclaim does no more than allege representations by which the Sony and Sony Financial supposedly induced the defendants to enter into the Beta Site Test Agreement. It certainly does not allege respects in which Sony, after supposedly entering into that contract, failed to perform thereunder.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"To state a claim for breach of contract under New York law, a party must allege: (i) the existence of an agreement between the plaintiff and defendant; (ii) due performance of the contract by the party alleging the breach; (iii) a breach; and (iv) damages resulting from the breach. See R.H. Damon & Co. v. Softkey Software Prods., Inc., 811 F.Supp. 986, 991 (S.D.N.Y.1993). However, under the relaxed federal pleading requirements, 'each element need not be separately plead.' Nordic Bank, PLC v. Trend Group, Ltd., 619 F.Supp. 542, 561 (S.D.N.Y.1985). It is enough that the complaint contains "a short and plain statement of the claim" sufficient to put the defendant on notice of the grounds for which plaintiff seeks relief. Fed.R.Civ.P. 8(a)(2); 2A James W. Moore et al., Moore's Federal Practice ¶ 8.13 (2d ed.1995). Nevertheless, as this Court has previously held, 'when pleading a claim for breach of an express contract, ... the complaint must contain some allegation that the plaintiffs actually performed their obligations under the contract.' R.H. Damon, 811 F.Supp. at 991 (citing 2A James W. Moore et al., Moore's Federal Practice ¶ 8.17[7] (2d ed.1992))." Reuben H. Donnelly Corp. v. Mark I Marketing Corp., 893 F.Supp. 285, 290 (S.D.N.Y.1995).

The second counterclaim does not satisfy this standard. It fails to allege the terms of the Beta Site Test Agreement, the nature of the alleged breaches, or that the defendants "actually performed their obligations under the contract." R.H. Damon, 811 F.Supp. at 991.

*Conclusion*

*3 For the reasons stated above, the counterclaims set forth in defendants' answer to the amended complaint are insufficient. The motion of plaintiff and of counterclaim defendant Sony Electronics, Inc. to dismiss the counterclaims therefore is granted.

In reaching this conclusion, the Court has reviewed the affidavit of defendants' David Binstock, which strictly speaking has no bearing on whether the counterclaims state a claim upon which relief may be granted. Nevertheless, having read the affidavit, it is far from clear that defendants are incapable of framing a legally sufficient counterclaim. Accordingly, the dismissal is with leave to replead no later than 21 days after the date of this order.

SO ORDERED.

S.D.N.Y.,2003.
Sony Financial Services, LLC v. Multi Video Group, Ltd.
Not Reported in F.Supp.2d, 2003 WL 21396690 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.