# EXHIBIT 2

**ORANS, ELSEN & LUPERT** LLP

ATTORNEYS

SHELDON H. ELSEN
LESLIE A. LUPERT
ROBERT L. PLOTZ
THOMAS A. BROWN **I**

SARAH P. KARWAN
ASHLEY U. MENENDEZ
CHRISTINA L. BRANDT-YOUNG
NICHOLAS G. ARONS

875 THIRD AVENUE
NEW YORK, N.Y. 10022

TELEPHONE: (212) 586-2211
FAX: (212) 765-3662
www.oellaw.com
E-Mail: oel@oellaw.com

June 21, 2007

**BY HAND**
Honorable Frederic Block
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   <u>Goltens-New York Corp. v. Golten, 07 Civ. 01545</u>

Dear Judge Block,

      Pursuant to Your Honor's individual rules, plaintiffs Goltens-New York Corp. and Goltens Worldwide Management Corp. (the "Goltens Companies") write in response to the June 14, 2007 letter from counsel for defendant Norman Golten ("Golten") requesting a pre-motion conference prior to filing a motion to dismiss the complaint for lack of subject matter jurisdiction and for failure to plead a breach of contract claim. Neither ground has any merit.

      According to the complaint, Golten acted as the CEO for the Goltens Companies until about 1999. (Cplt ¶6) Thereafter, his duties were governed by the contract at issue in this case. (Cplt ¶6) This contract, attached to the complaint, expressly provided that he would "retain the title of 'President' of the Company," but only in a non-executive capacity. (Cplt Exhibit 1 at ¶3) It then provided for him to perform very limited duties, but only upon request. (Cplt Exhibit 1 at ¶5) In essence, he was precluded from involvement in the operations of the Goltens Companies because, as plaintiffs will prove, his prior involvement had been disruptive and counter-productive. The complaint further alleges that in his improper attempts to sell the company, he delivered names of key employees and customers to competitors who appear to have used that information to take employees and business from Goltens. (Cplt ¶13)

      Defendant ignores the essence of the claims in this case, that he repeatedly violated the contract's prohibition against acting in an executive capacity; instead he focuses solely on the minor tasks he was permitted to do upon request. Paragraph 10 of the complaint details how he breached his promise to refrain from acting as an executive; including that he repeatedly interfered in the management of the company, improperly contacted competitors, disclosed confidential information to them and held himself out to these persons as the president of Goltens-New York with executive authority, rather than the figurehead the contract mandated.

ORANS, ELSEN & LUPERT LLP

Honorable Frederic Block
June 21, 2007
Page 2

He received more than $1 million to refrain from acting as an executive (Cplt ¶7), and his repeated breaches mandate that he return those payments.

Defendant first argues that the complaint involves less than the $75,000 jurisdictional threshold for federal cases. The complaint, however, expressly states that plaintiffs seek the return of all the compensation and benefits paid to defendant, which total "in excess of $1 million." (Cplt ¶7) It further seeks consequential damages caused by the loss of employees and customers, which the complaint states "total at least millions of dollars." (Cplt ¶12). Either of these two categories is sufficient to establish jurisdiction.

When a defendant moves to dismiss a case for want of jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Tongkook America, Inc. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994). Moreover, "[w]here the damages sought are uncertain, the doubt should be resolved in favor of the plaintiff's pleadings." Id. at 785. Also clear is that in determining whether a plaintiff has alleged the jurisdictional amount of $75,000 for subject matter jurisdiction, the court looks at the allegations – not the defendants' defenses – to determine good faith. Zacharia v. Harbor Island Spa, Inc., 684 F.2d 199 (2d Cir. 1982). Thus defendant's claim that there can be no damages because there was no breach is irrelevant to his proposed motion.

Defendants' own case, Weichart v. Tommie, 2006 WL 3782707 (N.D.N.Y. Dec 21, 2006), recognizes that this case can only be dismissed "[i]f it appears to a legal certainty that the amount in dispute is really less than the jurisdictional requirement." Weichart applied this rule to dismiss a breach of contract claim only because the total amount of contract at issue was only $6,500. In re Jet Blue Airways Corp. Privacy Litigation, 379 F. Supp.2d 299 (E.D.N.Y. 2003), involved a class action seeking contract damages only for a loss of privacy, which is not a loss with any monetary value that could be recovered in a breach of contract action.

It has long been established in New York that a breaching party is liable for all direct and proximate damages which result from the breach. Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc., 2007 WL 1492468, *16 (2d Cir. 2007). Based on this hornbook law, New York courts have routinely held that the reasonable and necessary expenses which plaintiffs incur in good faith in anticipation of performance of the contract – here, payments to defendant – are recoverable as elements of plaintiffs' damages. See e.g. Lieberman v. Templar Motor Co., 236 N.Y. 139, 149, 140 N.E. 222, 225 (N.Y. 1923). A district court recently noted that damages in a breach of contract action include "any benefit which the non-breach party bestowed upon the breaching party." 3497 Austin Boulevard Associates, LLC v. MKD Capital Corp., 2007 WL 1575265 (S.D.N.Y. May 30, 2007). These damages can include the salary and benefits paid to defendant. Westcom Corp. v. Dedicated Private Connections, LLC, 9 A.D.3d 331, 781 N.Y.S.2d 322 (App. Div. 1st Dep't 2004). Thus damages are more than adequately pled and subject matter jurisdiction exists in this case.

ORANS, ELSEN & LUPERT LLP
Honorable Frederic Block
June 21, 2007
Page 3

    Defendant's second argument is that the complaint fails to properly allege breach of contract. Under Fed. R. Civ. P. 8(a), "all that is required at this stage of the proceedings is 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" MDCM Holdings, Inc. v. Credit Suisse First Boston Corp., 216 F.Supp.2d 251, 260 (S.D.N.Y. 2002) (quoting Fed.R.Civ.P. 8(a)(2)).

    "The essential elements to pleading a breach of contract under New York law are the making of an agreement, performance by the plaintiff, breach by the defendant, and damages suffered by the plaintiff." Startech, Inc. v. VSA Arts, 126 F.Supp.2d 234, 236 (S.D.N.Y. 2000); see also Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994). Plaintiffs have alleged this and more: that defendant entered into a binding contract with plaintiffs (Cplt ¶ 16); that plaintiffs complied with their contractual obligations, while defendant materially breached his obligations (Cplt ¶ 17); and that these breaches damaged the plaintiffs. (Cplt ¶18). Plaintiffs also specifically identify and attach the contract at issue (Cplt ¶ 6) and the precise nature of the breaches by defendant (Cplt ¶ 10 a through f). Thus plaintiffs have more than met the pleading requirements by putting the defendant on notice of the allegations against him. See e.g. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (dismissal appropriate only when complaint is so unclear that its true substance is disguised).

    The only case cited by defendant where a breach of contract claim was dismissed, OneBeacon Ins. Co. v. Forman Int'l, Ltd., 2005 WL 100849 (S.D.N.Y. Jan. 19, 2005), involved a complaint in which the plaintiff did not even identify the contract and alleged nothing more than that defendant "'violated written and/or oral underwriting standards and guidelines.'" Id. at *6. Moreover, that case appears to have relied for some unstated reason on a Massachusetts state law decision that requires more detail than the federal rules. Indeed, defendant's letter does not even inform this Court that the quote from the OneBeacon decision was actually a quote from the Massachusetts state court case. In any event, binding precedent is clear that plaintiffs have properly pled a breach of contract case.[1]

    In conclusion, the proposed motion to dismiss has no merit, but whether or not the court allows it to be briefed, we respectfully request that it also issue a scheduling order so that discovery can go forward as quickly as possible.

                                      Very Truly Yours,

                                      Thomas A. Brown

cc: Bijan Amini, Esq.

---

[1] Swierkiewitz v. Sorema N.A., 534 U.S. 506 (2002), cited by defendant, involved a discrimination claim, rather than breach of contract and supports denying the proposed motion because it affirms the idea of liberal notice pleading, rather than the detailed pleading that defendant claims is required.