UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

GOLTENS-NEW YORK CORP., and
GOLTENS WORLDWIDE MANAGEMENT
CORP.                                                    :

                                                         :

                          Plaintiff,        :            07 Civ. 9711 (GBD) (HBP)

                                            :

          - against -                       :            ECF Case

                                            :

NORMAN GOLTEN.,                             :

                          Defendant.        :
-------------------------------------------------------------x


-----------------------------------------------------------------------------
**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER**
**SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT**
-----------------------------------------------------------------------------


**STORCH AMINI & MUNVES PC**
**Two Grand Central Tower, 25th Floor**
**140 East 45th Street**
**New York, NY  10017**
**Tel: (212) 490-4100**
**Fax: (212) 490-4208**
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii, iii

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ................................................................................................................................1

    POINT I: THE COURT DOES NOT HAVE SUBJECT MATTER
    JURISDICTION OVER THE COMPLAINT ....................................................................1

        A.    There is No Legally Cognizable Basis for the Goltens Companies to
               Disgorge the $1,000,000 in Salary and Benefits Paid to Golten ..............2

        B.    Plaintiff's Allegations of Damages Due to Lost Business and Lost
               Management Time Are Insufficient To Plead Damages in Excess of
               the Jurisdictional Amount ........................................................................6

    POINT II: THE COMPLAINT FAILS TO STATE THE
    REQUISITE ELEMENTS OF A BREACH OF CONTRACT CLAIM .............................8

    POINT III: THE MOTION TO DISMISS IS NOT BARRED
    BY *RES JUDICATA* OR COLLATERAL ESTOPPEL ...................................................10

CONCLUSION............................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

<u>Cases:</u>                                                                                    <u>Page:</u>

<u>Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.</u>,
   199 NY 268, 284 (1910) ................................................................................6 n. 2

<u>Defler Corporation v. Kleeman</u>,
   19 A.D.2d 396 (4th Dep't 1963) ................................................................................2

<u>Dubin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd.</u>
   162, F.Supp. 2d 275 (S.D.N.Y. 2001) ...........................................................2 n. 1

<u>Evangelista v. Queens Structure Corp.</u>,
   27 Misc 2d 962 (Sup. Ct. Queens County, 1961) .................................................3

<u>Fitzgerald v. Hudson Nat. Golf Club</u>,
   11 A.D.3d 426, 428 (2d. Dep't 2004) ...........................................................6 n. 2

<u>Lamdin v. Broadway Surface Advertising Corp.</u>,
   272 N.Y. 133 (1936) ................................................................................3

<u>Lieberman v. Templar Motor Co.</u>,
   236 N.Y. 139 (1923) ................................................................................3

<u>Monahan v. New York City Dep't of Corr.</u>,
   214 F.3d 275 (2d Cir.2000) ................................................................................10

<u>N.L.R.B. v. Thalbo Corp.</u>,
   171 F.3d 102 (2d Cir.1999) ................................................................................10

<u>Nwachukwu v. Chemical Bank</u>,
   1997 WL 441941 (S.D.N.Y. Aug. 6, 1997) .........................................................7

<u>O'Brocta v. Obrocta</u>,
   1989 WL 19606 (W.D.N.Y. 1989) ................................................................9

<u>OneBeacon Ins. Co. v. Forman Int'l, Ltd.</u>,
   No. 04-2271, 2005 WL 100849 (S.D.N.Y. Jan. 19, 2005) ...................................9

<u>Reilly v. Natwest Markets Group Inc.</u>
   181 F.3d 253, 263 (2d. Cir. 1999).............................................................6

<u>RR Chester, LLC v. Arlington Bldg. Corp.</u>,
   22 A.D.3d 652, 654 (2d Dep't. 2005) ................................................................6

Schonfeld v. Hilliard,
    218 F.3d 164 (2d Cir. 2000)........................................................6

Spang Indus., Inc. v. Aetna Casualty and Surety Co.,
    512 F.2d 365 (2d Cir.1975)........................................................6

St. Paul Mercury Indemnity Co. v. Red Cab Co.,
    303 U.S. 283 (1938)........................................................2

Tevdorachvili v. Chase Manhattan Bank,
    103 F. Supp.2d 632 (E.D.N.Y. 2000) ................................7, 8

Westcom Corp. v. Dedicated Private Communications, LLC,
    9 A.D. 3d 331 (1st Dep't 2004) ................................2

## Rules and other authorities

Black's Law Dictionary, 8th Edition ........................................................5

Fed. R.Civ.P. 8(b) ........................................................9

## PRELIMINARY STATEMENT

The Goltens Companies have failed to allege a good faith basis to recover damages in excess of the $75,000 jurisdictional amount.  In their opposition papers the Goltens Companies repeatedly argue that they are seeking the one million dollars in salary that was paid to Golten as if that settles the motion. However, the opposition papers fail to provide any legal basis for this recovery and ignore the fact that Golten received a salary, in part, for services the complaint admits he performed.  The Goltens Companies attempt to argue that the salary is recoverable as Golten was allegedly a disloyal employee, however, the complaint fails to put forth a claim for breach of fiduciary duty, nor are there any allegations of disloyalty sufficient to plead such a claim.

Further, the compliant should be dismissed, because it fails to set forth the elements for breach of contract.  Notwithstanding the Goltens Companies' conclusory statements to the contrary, the complaint does not put Golten on notice as to the nature of their claims as it does not state how or where any of the alleged breaches occurred.  Further, the complaint is bereft of any dates on which the alleged breaches occurred.  This is particularly troublesome as the contract was signed in February 1999 and the complaint was filed in April 2007, more than six years after the contract was signed and beyond the six year statute of limitations.  The absence of dates prevents Golten from interposing potential statute of limitations defenses and prevents him from being able to properly defend against this action.

## ARGUMENT
## POINT I

## THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE COMPLAINT

It is well settled that "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied

to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 289 (1938)[1].  As set forth herein, and more fully in Golten's moving papers, the Goltens Companies cannot, under any legal theory, recover in excess of the $75,000 jurisdictional amount.   Therefore, the complaint must be dismissed.

**A.    There is No Legally Cognizable Basis for the Goltens Companies to Disgorge the $1,000,000 in Salary and Benefits Paid to Golten**

The Goltens Companies argue that they can invoke the subject matter jurisdiction of the Court, because they are seeking to recover the one million dollars in salary and benefits that they paid to Golten. Thus, Goltens Companies argue that "New York courts have routinely held that a disloyal employee (like Golten) who breaches a contract must repay income or salary earned during his time of disloyalty." <u>See</u> Plaintiff's Opp. at 6-7.  In support, the Goltens companies cite to a number New York cases, none of which support this claim. These cases involve claims for breach of fiduciary duty and faithless servants – claims that are not pleaded in the instant complaint.  Further, the facts in those cases are inapposite to the instant case.

For example, the disloyal employee in <u>Westcom Corp. v. Dedicated Private Communications, LLC</u>, 9 A.D. 3d 331 (1st Dep't 2004), while in the employ of the defendant started a new business, based upon information obtained while working for the defendant. Likewise, the disloyal employee in <u>Defler Corporation v. Kleeman</u>, 19 A.D.2d 396 (4th Dep't 1963), obtained confidential information about the company, including customer lists and then

---

[1]   The Goltens Companies reliance on <u>Dubin Worldwide Productions (USA), Inc. v. Jam Theatricals, Ltd.</u> 162, F.Supp. 2d 275, 278 (S.D.N.Y. 2001) is misplaced and indeed supports the instant motion to dismiss.  As noted by the Goltens Companies damages can be alleged upon "information and belief so long as the plaintiff does so with <u>reasonable probability</u>"    As set forth herein, the Goltens Companies cannot under any legal theory recover the damages sought, thus they have failed to allege damages with reasonable probability.

contacted those customers and solicited them for other businesses he controlled.  Along those lines, the disloyal employee in <u>Evangelista v. Queens Structure Corp.</u>, 27 Misc 2d 962 (Sup. Ct. Queens County, 1961), while in the employ of the defendant used confidential information he obtained as an employee to directly compete with his employer.  The disloyal employee in <u>Lamdin v. Broadway Surface Advertising Corp.</u>, 272 N.Y. 133 (1936), made secret profits for himself, while acting as the agent for the employer.  <u>In re: O.P.M. Leasing Services</u> involved a claim against the former vice president of a company who committed mail and wire fraud that ultimately led to the company's bankruptcy and the vice president pleading guilty to Federal crimes.

Although the Goltens Companies try to argue that Golten was a disloyal employee, the instant complaint is devoid of any allegations that are even remotely similar to the above referenced cases.  The complaint does not allege Golten used information he obtained as a "non-executive" of the Goltens Companies to gain a financial advantage.  Indeed, there are no allegations that Golten unlawfully profited as a result of his "employment" with the Goltens Companies or was disloyal to the company in any manner.  As such, the cases cited by the Goltens Companies do not provide a basis to recover the one million dollars in salary that was paid to Golten.

The Goltens Companies then argue that the one million dollars in salary is recoverable as a "necessary expense" which the Goltens Companies "incur[ed] in good faith anticipation of performance of the contract . . . ."  In support the Goltens Companies cite to <u>Lieberman v. Templar Motor Co.</u>, 236 N.Y. 139 (1923).  The facts of <u>Lieberman</u> are inapposite to the instant case.  <u>Lieberman</u> involved a long term installment contract to provide auto parts to a company. The company after accepting some of the parts breached the contract by refusing to accept future

installments as per the contract.  <u>Id</u>. at 143-45.  The supplier was able to recover incidental

damages, including the cost of labor and other material purchased in anticipation of performance.

<u>Id.</u> at 147.  This is entirely different from the salary that was paid to Golten, which cannot be said

to have been spent in anticipation of the contract.  Indeed, they admit that the salary was paid for

services that were rendered.  <u>See</u> Compl. ¶8.  Thus, this claim must fail.

 Next, and most tellingly, the Goltens Companies attempt to distinguish a line of cases

cited in Golten's moving papers, without identifying the basis for the citations and the argument

to which they pertain.  The Goltens Companies would have this Court believe that cases they

discuss in pages 7 through 9 of their opposition papers were cited by Golten to support an

argument that the one million dollars in salary could not be recovered because it was not

contemplated by the parties at the time the contract was made.  <u>See</u> Goltens Companies' Opp. at

p 9.  The Goltens Companies conflate the arguments set forth in Point IB of his brief with the

arguments set forth in Point IA of the brief.  The cases referenced in pages 7  through 9 of the

opposition papers, and discussed more fully in Goltens' moving papers at pages 8 through 10,

were cited in support of the well briefed argument that the claims for lost profits and

management time cannot be recovered as they are consequential in nature.

 As set forth in Golten's moving papers and herein, the one million dollars in salary

cannot be recovered, not because they are consequential in nature, but because the damages did

not flow from the alleged breach and the complaint fails to set forth facts to warrant rescission of

the contract.  The Goltens Companies conflation of the arguments in Golten's moving papers is

simply an attempt to distract this Court away from the fact that the one million dollars in salary

cannot be recovered by them.  Further, as set forth in Point IB *supra*, the cases, when viewed in

their proper context, support Golten's motion to dismiss the complaint.

Although the Goltens Companies go to great lengths to argue that they are not seeking rescission, the complaint and their submission in opposition to Golten's motion to dismiss makes clear that they are indeed seeking rescission.    The complaint seeks the one million dollars in salary paid to Golten.  See Compl. ¶18.  Likewise, in their opposition papers the Golten Companies note that they "seek[] recovery of the precise amount of payments [Golten] received..."  See Plaintiffs' Opp. at 1.  This is the textbook definition of rescission, which is to undo a contract and put the parties in a position as if the contract never existed.  See Black's Law Dictionary (8th ed.2004) (defining rescission as "[a] party's unilateral unmaking of a contract for a legally sufficient reason . . . .")

Contrary to the Goltens Companies' claim, they are not seeking to restore the parties to the position they were in before the alleged breach occurred, rather they are seeking to undo the contract.  In opposition to the motion to dismiss, The Goltens Companies have attempted to rewrite and recast the contract at issue.  The Goltens Companies now argue that the contract was a severance agreement and that Golten was paid specifically not to hold himself out as having executive authority. This is directly contradicted by the complaint and the contract at issue, which is annexed to the complaint.  The contract states, and the complaint admits, that the obligation to pay salary was tied, in part, to Golten performing consulting services.  See Compl. at ¶8 and Ex A.  The complaint further admits that Golten performed these services.  Id. at ¶8. Given that Golten performed the services for which he received a salary, the only basis to recover the salary paid to Golten is by rescinding, *i.e.* undoing, the contract.

As set forth in Golten's moving papers, rescission of a contract is permitted "for such a breach as substantially defeats its purpose.  It is not permitted for a slight, casual, or technical breach, but ... only for such as are material and willful, or, if not willful, so substantial and

5

fundamental as to strongly tend to defeat the object of the parties in making the contract" RR Chester, LLC v. Arlington Bldg. Corp., 22 A.D.3d 652, 654 (2d Dep't. 2005)[2]. In their opposition papers the Goltens Companies fail to illustrate how the complaint alleges a willful or substantial and fundamental breach. Indeed, the Goltens Companies do not address the substance of the argument, but rather allege in a wholly conclusory matter that they are not seeking rescission. See Plaintiffs' opp. at 9-10. Absent allegations of a willful or substantial breach, the one million dollars in salary paid to Golten cannot form the basis to invoke the jurisdiction of the Court. See Reilly v. Natwest Markets Group Inc. 181 F.3d 253, 263 (2d. Cir. 1999).

**B. Plaintiff's Allegations of Damages Due to Lost Business and Lost Management Time Are Insufficient To Plead Damages in Excess of the Jurisdictional Amount**

The only other category of damages plaintiff seeks to recover is damages for alleged lost business opportunities and lost management time. These damages are at best consequential in nature and as set forth in Golten's moving papers, the complaint has failed to sufficiently plead these damages.

It is well settled that "[s]pecial" or "consequential" damages seek to compensate a plaintiff for losses other than the value of the promised performance that are incurred as a result of the defendant's breach." Schonfeld v. Hilliard, 218 F.3d 164, 175 (2d Cir. 2000); see also Spang Indus., Inc. v. Aetna Casualty and Surety Co., 512 F.2d 365, 368 (2d Cir.1975). The Goltens Companies attempt to distance themselves from this legal principle by noting that

---

[2] In opposition to the motion the Goltens Companies exclaim that they are "at a loss" as to the relevance of RR Chester, LLC because the case involved the specific performance of a contract. See Plaintiffs' opp. at 9. RR Chester, LLC. sets forth the well settled principles regarding rescission and correctly notes that rescission is not available in a plain vanilla breach of contract action, such as the one pleaded in the instant complaint. See also Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co., 199 NY 268, 284 (1910); Fitzgerald v. Hudson Nat. Golf Club, 11 A.D.3d 426, 428 (2d. Dep't 2004). The Goltens Companies have not and cannot cite to a single case that refutes this legal principle. This is yet another futile attempt to distance themselves from well settled legal principles that defeat their claims.

Schonfeld and Spang Industries, Inc., were decided on summary judgment and after trial, respectively.   Both these cases were cited simply to set forth the legal definition of consequential damages.  The Goltens Companies do not and cannot cite to a single case that stands for the proposition that the legal definition of a term somehow changes based upon the procedural context.  The lost business opportunities and lost management time clearly fall into the definition of consequential damages set forth in these cases.  Further, the Goltens Companies in their opposition papers concede that these are consequential damages.  See Plaintiff's Opp. at 5.  As such, these damages must be pleaded with particularity.  See Tevdorachvili v. Chase Manhattan Bank, 103 F. Supp.2d 632, 637 (E.D.N.Y. 2000); Nwachukwu v. Chemical Bank, 1997 WL 441941 (S.D.N.Y. Aug. 6, 1997).

The Goltens Companies' attempt to distance themselves from Nwachukwu and Tevdorachvili is equally unavailing.  As aptly noted by the Goltens Companies, the plaintiffs in both those cases were denied consequential damages for lost profits, because they were not contemplated by the parties at the time the contract was entered into.  See Plaintiffs' Opp. at 8-9. As noted by the Goltens Companies "nothing in the complaint [in Nwachukwu] tied the lost profits or failed trip to the small allegedly improper debit . . . .", and the plaintiff in Tevdorachvili sough damages for  ". . . lost business opportunities, which the defendant bank did not know about, and had no reason to know about, at the time the contract was made" See id. at 7-8.  The pleading deficiencies that warranted dismissal in Nwachukwu and Tevdorachvili are equally prevalent in the instant complaint.

First, the Goltens Companies do not even allege that at the time the contract was signed the parties contemplated that these types of damages were recoverable.  Further, even taking the facts in the light most favorable to the Goltens Companies, there are no facts that indicate that

7

lost wages or lost business opportunities were contemplated by the parties. Prior to entering into this contract, Golten served as President of Goltens NY and received certain salary and benefits and had certain responsibilities and authority. In consideration for abdicating these benefits and responsibilities, Golten received a seat on the board of directors and was paid a salary for, among other things, providing certain consulting services. These facts cannot support a claim that the parties somehow contemplated that in the event of a breach Golten could be responsible for such tangential items as lost profits or management time.

Moreover, the complaint fails to identify, even in the most general terms, a single lost business opportunity that plaintiffs incurred as a result of defendant's alleged breaches. Nor does the complaint identify a single incident where management time was expended due to Golten's alleged breach. Given that consequential damages must be pleaded with particularity, the complaint must be dismissed. See Tevdorachvilli, 103 F.Supp.2d at 637.

## POINT II

### THE COMPLAINT FAILS TO STATE THE REQUISITE ELEMENTS OF A BREACH OF CONTRACT CLAIM

As set forth in Golten's moving papers, even if this Court were to conclude that it had subject matter jurisdiction, the complaint nonetheless should be dismissed as it fails to state the requisite elements of a breach of contract claim. In opposition to Golten's motion to dismiss, the Goltens Companies merely reiterate that the Federal Rules of Civil Procedure contain a liberal pleading standard and state, in the most conclusory fashion, that the complaint meets this standard. The Goltens Companies imply that the moving papers somehow ignore this rule of law. Golten does not dispute that the Federal Rules of Civil Procedure provide for a liberal pleading standard. Indeed, the moving papers acknowledge and cite to this standard. However

8

even under the liberal pleading standards set forth in Rule 8(b), the instant complaint is defective. The instant complaint does not allege, even in the most general terms, how, where, or when any of these alleged breaches occurred. Thus, they fail to put Golten on notice so that he can properly defend against this action. OneBeacon Ins. Co. v. Forman Int'l, Ltd., No. 04-2271, 2005 WL 100849, at *6 (S.D.N.Y. Jan. 19, 2005).

Further, as set forth in Golten's moving papers, the complaint contains an allegation that Golten "improperly divulg[ed] confidential information about the Golten Companies", (Complt. ¶ 10(e)), even though the Agreement, which is attached as an exhibit to the complaint (id. Ex. A), contains no provisions obligating plaintiff to keep certain information confidential. The Goltens Companies have failed to address this in their opposition papers and thus concede that this claim must be dismissed.

Lastly, the Goltens Companies seek to make light of the fact that the complaint fails to allege any dates for the alleged breaches. The Goltens Companies attempt to distinguish O'Brocta v. Obrocta, 1989 WL 19606 (W.D.N.Y. 1989), by arguing that in O'Brocta "there was an obvious statute of limitations problem." But this is precisely the problem with the complaint. New York has a six year statute of limitations. The contract was signed in February 1999 and the instant complaint was filed in April 2007. Thus, all breaches that occurred prior to April 2001 are time-barred. In the absence of any dates, Golten cannot determine if "there [is] an obvious statute of limitations period." Accordingly, Golten cannot properly defend against this action and therefore, the complaint should be dismissed.

## POINT III

### THE MOTION TO DISMISS IS NOT BARRED BY *RES JUDICATA* OR COLLATERAL ESTOPPEL

In passing the Goltens Companies note that when the case was originally assigned to the Honorable Frederick Block in the Eastern District of New York, Golten sought leave to move to dismiss the complaint. The Goltens Companies imply that the instant motion was decided by Judge Block. While the parties did appear before Judge Block for a pre-motion conference, as per his individual rules, the resolution of the pre-motion conference was to transfer the case to this Court. To the extent that Goltens Companies imply that the motion should be denied on the grounds of *res judicata* or collateral estoppel, this claim fails as there has been no final decision, indeed there has been no decision at all, on the instant motion. See Monahan v. New York City Dep't of Corr., 214 F.3d 275, 285 (2d Cir.2000); N.L.R.B. v. Thalbo Corp., 171 F.3d 102, 109 (2d Cir.1999). Further, contrary to the Goltens Companies claims, Golten has raised additional arguments and case law in support of the instant motion than was set forth in his pre-motion letter to Judge Block.

### CONCLUSION

For the foregoing reasons, and the reasons set forth in his moving papers, Golten respectfully requests that the Court dismiss the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      December 20, 2007

STORCH AMINI & MUNVES PC

By:    /s/ Lita Beth Wright
      Lita Beth Wright (LW 0442)
      Jonathan Bardavid (JB 0072)
     Two Grand Central Tower, 25th Floor

10

140 East 45th Street
New York, NY 10017
(212) 490-4100
*Attorneys for Defendant*