UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GOLTENS NEW YORK CORP., and
GOLTENS WORLDWIDE MANAGEMENT
CORP.,

               Plaintiffs,

      -against-

NORMAN GOLTEN

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

07 CV 9711 (GBD)

GEORGE B. DANIELS, District Judge

     Plaintiffs Goltens Worldwide Management Corp. ("GWMC") and Goltens New York Corp. ("GNY"), in this diversity action, allege breach of contract against defendant Norman Golten. Defendant moves to dismiss pursuant to Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction because plaintiffs' claim does not exceed the jurisdictional amount of $75,000 as required by 28 U.S.C. § 1332. Defendant also moves to dismiss the complaint pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted. Defendant's motions to dismiss on both grounds are denied.

**FACTUAL BACKGROUND**

     Plaintiff GWMC is a New Jersey Corporation with its principal place of business in Manasquan, New Jersey. Plaintiff GNY is a New York corporation with its principal place of business in Brooklyn, New York. GWMC is wholly-owned by GNY. GNY is owned and controlled by the families of the four children of the founder, which includes defendant, the founder's son. GWMC manages a series of affiliated companies, referred to herein as the

"Goltens Companies," including GNY.  The Goltens Companies provide a range of services to the marine and industrial markets, including shipbuilding, repair, maintenance and related services, with operations in cities and ports worldwide.

Prior to February 1999, defendant, a Florida resident, served as the president of GNY and de facto chief executive officer for the Goltens Companies.  Pursuant to an agreement dated January 28, 1999, defendant contracted with the Goltens Companies to retain his title as President of GNY, while agreeing to maintain none of the executive authority of the position and instead serve in a "non-executive capacity."  The Goltens Companies agreed to pay defendant $150,000 per year for his service for five years, plus benefits totaling in excess of $250,000.  (Compl. ¶7.) In accordance with the contract, the Goltens Companies have made such payments to defendant, in excess of $1,000,000.  Defendant remains a 40% shareholder in the Goltens Companies.[1]

On April 13, 2007, GWMC and GNY filed their initial complaint in the instant action against defendant in the Eastern District of New York.  Plaintiffs alleged that defendant acted contrary to the best interest of the Goltens Companies, and held himself out to third parties as having the executive capacity of President, in breach of express provisions of the parties' agreement.  Plaintiffs seek damages "in excess of $1,000,000" for their breach of contract claim. Plaintiffs also seek additional damages for lost business opportunities, loss of employees and customers to competitors, and management time expended in connection with defendant's alleged

---

[1] Defendant also held positions on the boards of directors of plaintiff corporations pursuant to his employment agreement with the Goltens Companies.  Plaintiffs' removal of defendant from his positions on the boards of directors is the subject of a law suit separately filed by defendant in this district.

breach. The instant case was transferred to this Court on October 23, 2007.[2]

## SUBJECT MATTER JURISDICTION

Defendant moves to dismiss for lack of subject matter jurisdiction, alleging that plaintiffs' claim fails to satisfy the threshold amount in controversy. A party may move to dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Fed. R. Civ. P. 12(b)(1). This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a). To warrant dismissal, the party opposing jurisdiction must be able to show that, to a legal certainty, the claim is really for less than the jurisdictional amount. See Scherer v. Equitable Life Assur. Soc'y of the United States, 347 F.3d 394, 397 (2d. Cir 2003); Tongkook Am., Inc. v. Shipton Sportswear Co., 14 F.3d 781, 785 (2d. Cir. 1994). This Court will not consider the merits of the complaint, but rather looks only at the face of the complaint to determine the sufficiency of the amount in controversy. See id. There is a rebuttable presumption in favor of the amount claimed by a plaintiff on the face of the complaint, if it appears to have been made in good faith. See id.

---

[2]On February 13, 2007, defendant filed a complaint in the Southern District of New York for breach of contract against GWMC and GNY, alleging that plaintiffs removed him from his positions in the Goltens Companies in bad faith. See Norman Golten v. Goltens Worldwide Management Corp. et al. No. 07 Civ. 1024 (S.D.N.Y. filed Feb. 13, 2007). The parties consented to have the subsequently filed instant action transferred to this Court so that the two cases, which are now pending and involve the same parties, could be adjudicated before the same court.

Here, plaintiffs allegedly seek to recover the compensation paid to defendant under the January 28, 1999 contract, an amount that is "in excess of $1,000,000." Defendant has not shown to a legal certainty that the amount in controversy could not result in a recovery of more than the $75,000 jurisdictional amount. Indeed, there is no dispute between the parties as to the existence and terms of the contract at issue. Furthermore, defendant does not argue that plaintiffs' claim, of an amount in controversy over $75,000, has been made in bad faith. Instead, defendant argues that there is "no legal [sic] cognizable basis" for plaintiffs to recover this amount because plaintiffs failed to state a claim upon which relief may be granted. Even if true, dismissal on such grounds would necessitate, inappropriately, a substantive determination on the merits. It would be improper for this Court to consider an affirmative defense when testing the sufficiency of the amount in controversy. See Scherer 347 F.3d 394 at 397 (explaining that "affirmative defenses asserted on the merits may not be used to whittle down the amount in controversy."). The defendant has therefore failed to demonstrate that dismissal is warranted for lack of subject matter jurisdiction.

**FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

A federal court may dismiss a party's complaint if it fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fed. R. Civ. P. 12(b)(6). In making this determination, a court accepts all facts as alleged in the complaint as true and draws all reasonable inferences in favor of the non-moving party. See Security Investor Prot. Corp. v. BDO Seidman, LLP, 222 F.3d 63, 68 (2d Cir. 2000). Dismissal is improper "unless it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Id. (citing Jaghory v. New York

4

State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997)).  Rule 8(a)(2) requires a plaintiff to provide in the complaint a "short and plaint statement of the claim showing that the pleader is entitled to relief."  See Fed. R. Civ. P. 8(a)(2).  The United States Supreme Court recently clarified the general pleading requirement, holding that a plaintiff must plead facts in the complaint sufficient to "raise a right of relief above a speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007).  In other words, "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1216, 235-236 (3d ed. 2004)).

New York State law governs this diversity action for breach of contract.  See First Investors Corp. v. Liberty Mut. Ins. Co., 152 F.3d 162, 165, (2d Cir. 1998).  In New York, to sustain a claim for breach of contract, plaintiffs must allege: 1) the existence of an agreement; 2) due performance of the contract by the party alleging the breach; 3) a breach; and 4) damages resulting from the breach.  See Id. at 168.  Here, plaintiffs asserted in the complaint that 1) the parties entered into an agreement dated January 28, 1999; 2) plaintiffs fully complied with their contractual obligations, including compensating defendant in accordance with the terms of the agreement; 3) defendant breached the agreement by improperly acting in an executive capacity, and by engaging in discussions with outside companies regarding possible sale of the Goltens Companies, contrary to specific provisions of the agreement; and 4) as a result, plaintiffs suffered damages in the amount of the compensation paid to defendant, in addition to consequential damages.  The face of plaintiffs' complaint sufficiently sets forth each element required for a breach of contract claim under New York law.  There is no more basic set of allegations for

breach of contract than a claim of payment to a party who did not properly perform. Plaintiffs' pleadings are sufficient to survive defendant's Rule 12(b)(6) motion to dismiss.

## CONCLUSION

Defendant's motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim are DENIED.

Dated: New York, New York
       July 23, 2008

SO ORDERED:

*[signature]*
GEORGE B DANIELS
United States District Judge