UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GOLTENS WORLDWIDE MANAGEMENT CORP. AND    :
GOLTENS WORLDWIDE CORP.,                                 :
                                                           Plaintiff,    :       **ORDER**
                                                                                :       07-cv-9711(GBD)
              - against -                                  :
                                                                                 :
NORMAN GOLTEN,                                           :
                                                         Defendant.  :
------------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      Plaintiffs Goltens Worldwide Management Corp. and Goltens Worldwide Corp. (collectively, "Goltens") commenced this breach of contract action against their former Chief Executive Officer and 40% shareholder, defendant Norman Golten. Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, dismissing plaintiffs' claim. This Court heard oral argument on defendant's motion on April 15, 2008. For the reasons stated on the record, this Court grants defendant's summary judgment motion.

      In this action, plaintiffs seek damages "in excess of $1,000,000" as compensation for defendant's alleged breach of a severance agreement entered into by the parties on January 28, 1999. Plaintiffs contend that defendant breached his obligations under the Severance Agreement by "act[ing] as if he had executive authority, even though the contract explicitly stripped him of such authority." Pl. Opp. Memo. at 12. Specifically, plaintiffs argue that defendant breached the Severance Agreement by 1) "initiating dialogues", "sharing information", and conducting meetings with third parties about their potential acquisition of Goltens; and 2) "disparaging the

management of the Goltens companies" by making derisory comments to lower-level managers about the Goltens' Chief Financial Officer.  Pl.'s R. 56.1 Statement at ¶¶ 3-12.

Plaintiffs maintain that defendant' s actions constituted an exercise of executive authority and interference with Goltens's management; both of which, plaintiffs claim, violate paragraph 3 of the Severance Agreement.[1]  However, that provision merely states that in exchange for an annual salary of $150,000, defendant "would retain the title 'President' of the Company, but [he] would hold [his] title and office in a non-executive capacity ... [and] would not have check-signing authority or other general authority to bind the Company, except as specifically authorized from time to time by the Board of Directors of the Company."  Aff. of Alissa S. Wright, Ex. 6 at 1.  At oral argument, plaintiffs conceded that no express provision of the Severance Agreement prohibited defendant from contacting third parties with respect to potential sales of his shares or Goltens stock belonging to other shareholders.  Plaintiffs also conceded that the Severance Agreement contained no express prohibition on defendant's ability to voice his opinions about Goltens's management.

"This Court must enforce contract provisions clearly expressing the intent of the parties." Beth Israel Medical Center v. Horizon Blue Cross and Blue Shield of New Jersey, 448 F.3d 573, 580 (2d Cir. 2006).  Plaintiffs have proffered no evidence that defendant signed checks on behalf of the corporations, took actions which bound Goltens to any third parties, or exercised any executive authority that violated any other expressed prohibition embodied in the Severance

---

[1] In its entirety, paragraph 3 states:
You would retain the title "President" of the Company, but you would hold your title and office in a non-executive capacity, and you would report to me.  You would not have check-signing authority or other general authority to bind the Company, except as specifically authorized from time to time by the Board of Directors of the Company.  Aff. of Alissa S. Wright, Ex. 6 at 1

Agreement. On the contrary, plaintiffs received the benefit of their contractual bargain since, after January 28, 1999, defendant relinquished all executive authority. Plaintiffs acknowledge that "the sole purpose of the contract was to strip him of his executive powers and to remove him from any role in management of the Goltens companies." Pl. Opp. Memo. at 11. Thus, plaintiffs have failed to present a triable issue of material fact with regard to defendant's alleged breach of the Severance Agreement.[2] Moreover, plaintiffs have also failed to demonstrate that defendant committed any egregious acts of dishonesty or breaches of fiduciary obligations owed to Goltens sufficient to state a claim under the faithless servant doctrine. See In re Gupta, 38 A.D.3d 445, 447, 834 N.Y.S.2d 23, 25 (N.Y. App. Div. 2007).

Defendant's motion for summary judgment is GRANTED. Plaintiffs' cause of action is dismissed.

Dated: New York, New York
April 20, 2009

SO ORDERED:

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[2] Plaintiffs also effectively concede that they have no evidence of "damages as a result of lost profits or lost employees" to present at trial. See Pl. Opp. Memo. at 9, n. 3. They seek as damages repayment of the moneys paid to defendant and estimated compensation for "lost management time" spent responding to defendant's actions. Therefore, because plaintiffs cannot present "reasonably certain" evidence that they suffered any injury as a result of defendant's alleged breach of the Severance Agreement, their breach of contract claim is insufficient as a matter of law. See Tractebel Energy Marketing, Inc. v. AEP Power Marketing, Inc., 487 F.3d 89, 110 (2d Cir. 2007).